Blackford, J.
This was an action of debt on a promissory note brought by Jennings, assignee of the payee against the makers. The note is for $850, dated the 28th of May, 1839, and payable twelve months after date. It was made negotiable and payable at the branch at New Albany of the State Bank of Indiana, and was assigned before it became due, viz., on the 14th of June, 1839.
There are eleven special pleas in bar. One is, that the *12 note was executed without any consideration. Four of *them are, that the note was obtained by the payee from the defendants by fraud, covin, and misrepresentation ; one of which pleas of fraud is in general terms, and the others set out the circumstances respecting the consideration relied oh as fraduleut. The residue of the pleas are, that the consideration for which the note was executed has failed ; one of which pleas of failure of consideration is in general terms, and the others set the consideration and the manner of its alleged failure.
General demurrers to the pleas; demurrers sustained ; and final judgment for the plaintiff.
If the note, in this case, had not been made negotiable and payable at a chartered bank within the State, the most of the pleas would have been good. They are a bar when the suit is by the payee against the maker; and, when the note is not payable at a chartered bank.within the State, they are also a bar to a suit by the assignee against the maker. Rev. Stat., 1838, p. 118. So, if the note now sued on had been assigned after it became due, the most of the pleas in question would have been good. Boehm et al. v. Sterling et al., 7 T. R., 419.
But as-this case stands, the pleas are all bad. Notes, like the one before us, negotiable and payable at a chartered bank within the State, are placed by statute on the same footing with inland bills of exchange. Rev. Stat., 1838, p. 119. They are therefore governed by the law-merchant. By that law, none of the pleas in question can be sustained. Take, for example, the plea, that the note was obtained from the makers by fraud, covin, and misrepresentation. That would be good, were the suit brought by the payee; but it is insufficient where, as in this case, an indorsee is the plaintiff Bramah v. Roberts, 1 Bingh., N. C., 469 The plea should have gone further, and shown that the in-dorsee was in privity with the payee, and the suit thus subject to the same equities attached on the note, to which the payee’s suit would have been liable. That could only *13 appear, by showing that the indorsement was made without consideration, or with notice of the fraud, or after the note became due. Burrough v. Moss, 10 B. & Cress., 558; Bramah v. Roberts, supra.
H. P. Thornton and J. W. Payne, for the appellants.
Q. (Jr. Dunn, for the appellee.
Again, take the plea, that the note was executed without consideration. That should have also stated that the indorsement was made without consideration, or after the note became due. Lewis v. Parker, 4 Ad. & Ell., 838. According to the plea as it now stands, in the language of Tindal, C. J., the indorsee might be suing on the fairest case. No suspicion is thrown on the transaction, and indorsement prima facie imports consideration. Low v. Chifney, 1 Bingh., N. C., 267.
Ve have had occasion before to examine the questions involved in this cause, and our conclusion was then the same that it is now. Yeatman v. Cullen et al., November term, 1839. This opinion also accords with the case of McClintick v. Johnston et al., 1 McLeau’s Rep., 414.
Per Curiam.—The judgment is affirmed with 6 per cent. damages and costs.