## HANKINS *v.* SHOUP and Others.

By the law-merchant, where a note is overdue when indorsed, matter of set-off due from the payee, not arising out of the note-transaction, cannot be claimed against the indorsee, though the set off was due to the maker whilst the payee held the note.

Assumpsit. The declaration contained three counts. Two were founded on bills of exchange drawn by the defendant on *A.*, in favor of *B.* One of these counts alleged the bill described to have been indorsed by the payees to *A.*, and by him to the plaintiffs. The pleas filed amounted to pleas of want of consideration, or pleas of failure of consideration. *Held*, that such pleas, in order to be valid by the law merchant, must allege that the indorsement was made without consideration, or after the bill or note became due.

*Held*, also, that if the pleas were valid, the decision against their validity could not be complained of, as the facts showing a want or failure of consideration were admissible under the general issue.

*Held*, also, that such pleas are not authorized by our statute. (See R. S., 1843, pp. 577, 578.)

The charter of the *White Water Valley Canal Company* provides that the signature of the president, attested by the secretary, shall be taken as full evidence of the doings of the company, but it does not exclude other evidence of their acts.

ERROR to the *Fayette* Circuit Court.

BLACKFORD, J. — This was an action of assumpsit

brought by *Shoup* and others against *Hankins*. The declaration contains three counts. Two of them are founded on bills of exchange drawn by the defendant on *C. B. Smith* in favor of the *White Water Valley Canal Company*. One of these two counts alleges the bill described in it to have been indorsed by the payees to one *George G. Shoup*, and by him to the plaintiffs. The other alleges that the bill described in it was indorsed by the payees to the plaintiffs. The third count is for money had and received.

The defendant pleaded nine pleas. The first was the general issue to the whole declaration. The others were to the counts on the bills of exchange.

The pleas, except the first and ninth, were demurred to generally; and the ninth was demurred to specially, as amounting to the general issue. The demurrers were all sustained. The cause was tried by the Court on the general issue, and judgment rendered for the plaintiffs.

The second plea sets up a claim against the payees of the bill, by way of set-off, as due from them to the defendant before their indorsement. The matters of set-off consist of a number of certificates for the payment of money, issued by the company and payable to bearer. The plea states that the plaintiffs had, at all times, notice of the premises.

This plea is bad according to the law-merchant. It is decided, even where a note is overdue when indorsed, that matter of set-off due from the payee, not arising out of the note transaction, cannot be claimed against the indorsee, though the set-off was due to the maker whilst the payee held the note. *Burrough* v. *Moss*, 10 Barn. & Cress. 558.

The subsequent pleas, except the ninth, are either pleas of want of consideration, or pleas of failure of consideration; some of them averring that the plaintiffs had, at all times, notice of the premises.

All these pleas respecting the consideration are insufficient under the law-merchant.

Supposing that these pleas would have been valid, had

Nov. Term,
1850.

HANKINS
v.
SHOUP.

the suit been brought by the payees of the bill, they cannot be sustained when the suit is by the indorsees. Such pleas, in cases like the present, in order to be valid by the law-merchant, must allege that the indorsement was made without consideration, or after the note or bill became due. *Glover* v. *Jennings*, 6 Blackf. 10.

The defendant contends that though the plea of set-off, and the pleas respecting the consideration, in this suit, by the indorsee, are not recognized by the law-merchant, yet that they are authorized by our statute respecting promissory notes. It is true, that the eighth, ninth, and tenth sections of that statute, had they stood alone, would have authorized these pleas. But the eleventh section of the same statute says, that nothing contained in the last preceding two sections shall alter or affect the law as it now is, as relates to bills of exchange, foreign or inland. The eighth and ninth sections, as regards pleas like these, are substantially the same, and we do not think it was intended that the law, as to such pleas, should be altered by either of those sections. R. S. 1843, pp. 577, 578.

It may be observed further, that any facts showing a want or failure of consideration, if they could be considered a defence, were admissible in evidence, on the trial of this cause, under the general issue. If, therefore, the pleas respecting the consideration were valid, the decision against their validity could not now be complained of. *Shanklin* v. *Cooper*, 8 Blackf. 41.

The ninth plea is a denial of the indorsement of the bill; and it is bad as amounting to the general issue. *Bates* v. *Hunt*, 1 Blackf. 67.

On the trial of the cause on the general issue, the defendant objected to the indorsement, made on behalf of the payees, of the bill of exchange, as evidence; but the objection was overruled. The indorsement is as follows: "*The White Water Valley Canal Company*, by *John S. Newman*, their president and agent, hereby assign the within to *George P. Shoup* or order. *John S. Newman*, pres't." The only objection made to this indorsement is, that it is not attested by the secretary of the company as required

by their charter. This objection is not tenable. The <span>Nov. Term, 1850.</span>
charter says that the signature of the president, attested
by the secretary, shall be taken as full evidence of the <span>RUSSELL v. METZGAR.</span>
doings of the company. Local Laws, 1842, p. 44. But
that does not exclude other evidence of their acts. It
appears to us that, in this case, the indorsement by the
president and agent of the company, without the attesta-
tion of the secretary, sufficiently shows a transfer, by the
company, of the bill.

*Per Curiam.*—The judgment is affirmed with 3 *per cent.*
damages and costs.

*S. W. Parker* and *C. H. Test*, for the plaintiff.

*J. S. Newman*, for the defendants.