## WHITTAKER V. KUHN.

1. **Promissory Note**: TRANSFER AFTER MATURITY: DEFENSE. The defendant executed his promissory note to a corporation for the amount of an assessment upon a share of its capital stock subscribed by him. The note was credited to him by the company as a payment, and after maturity transferred for value to plaintiff. Subsequently, for failure to pay other installments, the corporation under powers conferred by its charter declared defendant's stock and all payments made thereon forfeited, and no certificate of stock was ever issued to him: *Held*, that such facts constituted no defense to the note in the hands of the plaintiff, who took it subject only to equities existing at the time of the transfer.

*Appeal from Polk Circuit Court.*

TUESDAY, OCTOBER 28.

ACTION on a promissory note. Trial to the court, judgment for the defendant, and plaintiff appeals.

*Barcroft, Given & McCaughan*, for appellant.

*Phillips, Goode & Phillips*, for appellee.

SEEVERS, J. The defendant subscribed for one share of the capital stock of the Iowa Industrial Exposition Company, the subscription paper being as follows:

"The undersigned respectively subscribe to the capital stock of the Iowa Industrial Exposition Company the number of shares set opposite our respective names (of $1,000 each) which we respectively agree to pay upon the call of said Company, in such assessments as may be from time to time or-

dered, pursuant to the articles of incorporation and by-laws of said Company."

The company made an assessment of ten per cent, which was paid by the defendant. Subsequently another assessment of twenty per cent was made. Instead of paying this in cash the defendant executed to the company his promissory note which was accepted and credited by the company, on the same day it was given, on its books as so much paid on the defendant's subscription.

Other assessments were afterward made before the 22d day of June, 1877, when the note was transferred to the plaintiff as part payment of an indebtedness due him by said company. On the 9th day of July the company caused the following notice to be served on the defendant:

"You are hereby notified that all shares of stock of the Iowa Industrial Exposition Company, on which any installment has remained due and unpaid for thirty days prior to this date, will be liable to forfeiture at any time after the 13th day of August, 1877.

"You are also notified that installments upon the one share of stock standing in your name are due and unpaid as follows, viz:

"Twenty per cent, amounting to two hundred dollars ($200), due on the 23d day of July, 1876.

"Twenty per cent, amounting to two hundred dollars ($200), due on the 15th day of January, 1877.

"Twenty per cent, amounting to two hundred dollars ($200), due on the 14th day of February, 1877.

"Ten per cent, amounting to one hundred dollars ($100), due on the 15th day of March, 1877. By order of the Board of Directors."

None of the assessments referred to in said notice were paid.

On the 24th day of August, 1877, the company pursuant to a power contained in the charter declared said stock and all payments thereon forfeited. The charter also provided that "certificates of stock shall not be issued to any subscriber until the whole amount has been paid thereon." No stock

was ever issued to the defendant and the only consideration for the note was the stock. No question is made as between the defendant and the company as to the power of the latter to forfeit the stock, or that the forfeiture was not done in strict accord with the provisions of the charter. The point made by the appellant is that such act could not in any manner affect the rights of the plaintiff.

Counsel for the appellee insist that *Ashton v. Burbank*, 2 Dillon, 435, and *Small v. Herkimer Manf. Co.*, 2 Coms., 330, determine this question in favor of the appellee. But in our opinion there is a clear and marked distinction between those cases and the one at bar.

In the former case the note was transferred to the plaintiff by the corporation *after* the forfeiture of the stock. The plaintiff took the note subject to all the equities existing between the corporation and defendant at the time of the transfer. The forfeiture had the same effect as if the note had been paid before the transfer.

In the latter case the corporation made certain assessments which not being paid suit was brought thereon, and before the trial the stock was forfeited and this fact pleaded in bar of the action. This defense was sustained. In the present case the note was transferred for value after due and *before* the stock was forfeited. The point to be determined, therefore, seems to be, whether the plaintiff is affected by equities not in existence at the time of the transfer, but by such as are afterward caused by the sole action of the assignor, or by the combined action of the maker and assignor. For if the defendant had paid the subsequent assessments the occasion for the forfeiture would not have occurred and could not have taken place.

Having credited the defendant on its books with the note as a payment on his subscription, and transferred the note, it may be doubtful whether the company could forfeit the stock. It is possible, in fact it is probable, this could be done, because of the power to forfeit all previous payments; the note being regarded as a payment. That the corporation might so regard it we think is unquestionable. Indeed as to the plaintiff we strongly incline to think the corporation would be estopped

from denying the note should be so regarded. We are satisfied the corporation could do no act which could prejudicially affect the plaintiff. Whether the corporation could, as between it and the defendant, under the circumstances, forfeit the stock is not before us, and, therefore, nothing said herein should be regarded as intimating any opinion whatever on this question.

We understand the settled rule to be that no equity arising after the transfer of an over due note can affect the holder, and that he takes with the transfer all the rights of the indorser. 2 Parsons N. & B., 26; *Shipman v. Robbins*, 10 Iowa, 208; *Wilson v. Savings Bank*, 45 Penn. St., 488; *Baxter v. Little*, 6 Met., 7. Even such equity must grow out of and be connected with the note. *Long v. Rhawn, Exr.*, 75 Penn. St., 128.

That the equity in the present case did not exist at the time of the transfer is beyond question. It arose out of a contract that had its inception prior to the execution of the note. The note grew out of the contract, that is, because there was a contract the note was given. But the equity had no connection with the note, and was not brought into existence by it. The right to forfeit the stock existed independent of the note. Such right was not affected thereby to any greater extent or different manner than it would have been if the assessment for which the note was given had been paid in cash.

If the corporation held the note at the time the forfeiture was declared it may be such act would have forfeited the note. This question not being before us is not determined.

REVERSED.