No. 13,303.

## PROCTOR ET AL. *v.* COLE.

PROMISSORY NOTE.—*Endorsee.*—*Set-Off.*—*Nominal Holder.*—*Consideration.*—
A claim, arising out of an independent transaction, and for which a
merely nominal consideration has been paid, is not available as a set-
off against a promissory note in the hands of an endorsee in good faith
and for value, or even in the hands of a mere equitable assignee.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellants.

*J. H. Baker, J. H. Defrees* and *F. E. Baker,* for appellee.

ELLIOTT, J.—This suit is prosecuted upon three promis-
sory notes and a mortgage securing them. The controversy
has already been before this court, but in a somewhat differ-
ent form, *Proctor* v. *Cole,* 104 Ind. 373.

The present appeal brings the case to us upon the follow-
ing special finding: "That, on the 31st day of January,
1880, the defendant William Proctor executed the notes
sued on, and on the same day he and his wife, the defendant
Frances Proctor, executed the mortgage set out with the
complaint, to secure the said notes, which mortgage was exe-
cuted in due form of law and duly recorded; that the notes
were made payable, with six per cent. interest and attorney's
fees, to the order of Henderson Cole, at St. Joseph Valley
Bank, Elkhart, Indiana, in eighteen and twenty-four months
after date respectively; that, afterwards, on the 23d day of
February, 1880, and before the maturity of either of the
notes, Henderson Cole assigned the notes to Erastus B. Cole,
by a written assignment, and afterwards, on the 26th day of
February, 1880, he endorsed them in blank; that, on the
23d day of February, 1880, at the time when the notes in
suit were assigned by Henderson Cole to Erastus B. Cole,
they were in the hands of Baker & Mitchell, the attorneys
of Henderson Cole, for safe-keeping; that, on said 23d day

of February, Henderson Cole gave to Erastus B. Cole an order on Baker & Mitchell for the delivery to him of the notes; that, on the 26th day of February, 1880, Erastus B. Cole presented the order to Baker & Mitchell, and received from them the notes, and on the same day took them to Henderson Cole, who then endorsed the notes in blank by writing his name across the back of each of them; that the consideration for the transfer of the notes in controversy to Erastus B. Cole was as follows: In 1864 the wife of Henderson Cole, then residing in Indiana, sold property belonging to her, and received therefor the sum of $3,500, which she sent to her husband, Henderson Cole, in Colorado, where he then resided, who used it in his own business; afterwards she removed to Colorado also, and while both were residing in Colorado, he promised at her request to pay this money, if he ever became able to do so, by paying it to Erastus B. Cole and Minnie Cole, the children of Henderson Cole and his said wife; that, in 1868, Henderson Cole's wife died in Colorado, and afterward, on the 23d day of February, 1880, in accordance with and in fulfilment of the promise, Henderson Cole assigned and transferred the said notes to Erastus B. Cole, he agreeing to pay to his sister, Minnie, one-half, which she agreed to; that, on the 25th day of February, 1880, the defendant William Proctor took such steps, and such proceedings were had, that the Elkhart Circuit Court, on the 25th day of February, 1880, issued a restraining order enjoining Henderson Cole from transferring the notes in controversy, which order was served on Henderson Cole on the 25th day of February, 1880; that Erastus B. Cole first learned of the injunction proceedings after he received possession of the notes, and before they were endorsed; that, on the 1st day of March, 1880, Erastus B. Cole took the notes in controversy to his uncle, Reuben Cole, the plaintiff in this action, who resided in Michigan, and asked him to buy them; that the plaintiff offered Erastus Cole $2,000 for the notes, which offer was

accepted, and thereupon Erastus B. Cole sold and delivered the notes to the plaintiff for that sum; that the plaintiff in payment therefor then gave Erastus B. Cole an order on Myron E. Cole for $500, and also executed and delivered to Erastus B. Cole his two promissory notes, one for $1,000, payable in thirty days, and one for $500, payable in seventeen months, to the order of Erastus B. Cole, at St. Joseph Valley Bank, in Elkhart, Indiana; that when the plaintiff gave the order on Myron E. Cole he had no money in his hands, but he had a credit with him for that amount, and when he gave the order he executed and delivered to Myron E. Cole his note of $500, payable in bank at Elkhart, Indiana, to the order of the said Myron E. Cole; that the order on Myron E. Cole was duly accepted by him, and the note of $1,000 was paid by the plaintiff, at its maturity, to Erastus B. Cole, and that the $500 note remains untransferred and unpaid, and in the hands of the clerk of this court, where it was placed by order of the court; the $500 note by Myron E. Cole is also untransferred, is past due, and remains unpaid; that the plaintiff had no knowledge of any defence to the notes in controversy, nor of the injunction proceedings then pending in the Elkhart Circuit Court against Henderson Cole on the 1st day of March, 1880—not until he had paid the note of $1,000; that, on the 15th day of April, 1869, Henderson Cole executed his note of $2,000, payable to the order of M. E. Cole; that afterward M. E. Cole endorsed said note to Alma S. Wells, who transferred the note to the defendant William Proctor on the 25th day of February, 1880; that afterwards William Proctor recovered judgment in Elkhart Circuit Court against Henderson Cole on this note for $4,198; that this judgment was recorded on the 12th day of April, 1880, at which time, also, the injunction was made perpetual; that no part of the said judgment has been paid, and that it is the set-off claimed by the defendant in this action; that the note of Henderson Cole

transferred by Alma S. Wells to William Proctor was transferred for the consideration of one dollar—the said William Proctor agreeing at the time in writing that he would pay said Alma S. Wells an amount equal to one-half of the net proceeds that he might be able to make out of said note, either directly by way of collection, or indirectly by way of set-off, and that if he made nothing he should pay nothing to said Alma; that, on the 13th day of April, 1880, the defendant William Proctor brought an action in the Elkhart Circuit Court against Erastus B. Cole, in which it was in issue whether the said Erastus B. Cole was the equitable owner of the notes here in controversy on the 23d day of February, 1880, and prior to the time when the defendant William Proctor came into possession of the note of Henderson Cole by assignment from Alma S. Wells, and it was denied by the defendant that the defendant William Proctor, then the plaintiff, was the owner of the note assigned by Alma Wells to him and of the judgment rendered thereon; but it was alleged that he, the said Proctor, held the same in trust only, which facts were in issue in said action, wherein the jury trying said cause found the ownership of the note claimed by said Proctor to be as hereinbefore stated, and such proceedings were had in said cause that the said Elkhart Circuit Court, at its February term, 1884, found for the defendant therein, and adjudged that the said Erastus B. Cole was, on the said 23d day of February, 1880, the owner of the notes here in suit as by him alleged; that a reasonable attorney's fee on the notes in controversy is $150; that there is now due on the notes in controversy the sum of $3,020.74, payable without relief from valuation and appraisement laws; and that there is now due on the judgment of William Proctor against Henderson Cole the sum of $5,716.75."

The law is with the appellee on the facts, and the judgment of the trial court-is right. We do not deem it necessary to discuss in detail the propositions stated by the appellee's counsel in support of the judgment, nor do we find it

necessary to decide the question of practice discussed by them. We are satisfied that such a set-off as that relied on by the appellants, acquired and held as it is, can not prevail against the title of the appellee. The right of the appellee is superior to that of the appellants' set-off, and to it their claim must yield.

In *Proctor* v. *Cole, supra,* we fully examined the nature of the appellants' claim and found that they had actually paid for it a merely nominal consideration, the trifling sum of one dollar. We do not believe that such a claim can in justice or equity be allowed to defeat the claim of an endorsee who purchased in good faith and yielded a valuable consideration. The appellee acted in good faith; he agreed to pay value for the notes he bought, and he did pay by the execution of negotiable instruments. He certainly is in a much better situation than the appellants, even if it be conceded that the title of his endorser, Erastus B. Cole, was infirm; but, according to the judgment of the court in a former action, there was no infirmity in the title of Erastus B. Cole. It would seem, therefore, that the question of title was adjudicated. Granting, however, that there was no adjudication in favor of Erastus B. Cole, still the facts found show that he had such a title as would defeat a set-off. Conceding still further that his title was infirm, yet, as against a set-off such as that asserted by the appellants, the title of the appellee is superior. He not only bought the notes in good faith and executed negotiable instruments for the consideration, but, prior to notice of the appellants' asserted set-off, he had actually paid the sum of fifteen hundred dollars.

Appellants' counsel assumes that a set-off is the same as a defence growing out of the transaction in which the notes were executed, and upon this assumption builds his argument. This assumption is not valid, and with it the entire argument falls. The set-off asserted is not a defence originating in the transaction out of which the notes sprang, but is an independent and distinct defence originating subsequent to

the execution of the notes.  *Hankins* v. *Shoup,* 2 Ind. 342 ;
1 Daniel Nego. Instr., section 746.

There is a clear and well defined distinction between a de-
fence originating after the execution of a note, and growing
out of an independent transaction, and a defence growing
out of the transaction in which the note was executed.  *Beard*
v. *Dedolph,* 29 Wis. 136 ; *Ranger* v. *Cary,* 1 Met. 369 ;
*Baker* v. *Arnold,* 3 Caines, 279.

The distinction between an independent defence, such as a
set-off, and a defence arising out of the transaction in which
the note was executed, has long been recognized.   It is ex-
pressly recognized in *Hankins* v. *Shoup, supra,* and a recent
writer says :   " But a set-off arising out of a different trans-
action between the maker or acceptor and the payee can not
be used as a defence against a purchaser for value after
maturity."    2 Randolph Com. Paper, section 679.

The cases of *Dresser* v. *Missouri, etc., Co.,* 93 U. S. 92,
and *Crandall* v. *Vickery,* 45 Barb. 156, are not in point, for
in those cases the defence was fraud in procuring the execu-
tion of the note.   But in the case before us we need not go
so far as any of the authorities we have cited, for the title
of the appellants to their asserted set-off is not of such a
nature as to entitle them to defeat even the equitable holder
of a promissory note.   *Proctor* v. *Cole, supra,* and authori-
ties cited.   If it were granted that Cole's title is not perfect,
still it is in every respect stronger and better than that of
the appellants to their set-off, and should prevail against it.
*Tinly* v. *Martin,* 80 Ky. 463.   It is assuming much more
than the law justifies to assume that the appellants are *bona
fide* holders, and as such entitled to defeat the appellee.   The
total sum invested by them is a nominal one, and the invest-
ment of such a sum does not clothe a party with the rights
of a *bona fide* purchaser.   It is of the very essence of the
claim to hold *bona fides,* that the party should have parted
with value.

Counsel argues that as the appellee had only paid fifteen

hundred dollars in money before notice of appellants' claim he can not recover more than that sum. It seems to us that the argument bears with much more force against his clients, who have paid only one dollar. We can not conceive how one who has invested no greater sum than that can justly be heard to urge the defeat of another's bargain, who has bought in good faith, executed negotiable instruments, and who has actually paid fifteen hundred dollars in money. Regarding the appellee as a mere equitable assignee, and not, as he well may be regarded, as an endorsee for value and in good faith, his rights are paramount to those of the appellants.

It is said that it is plain that Erastus B. Cole was not a *bona fide* purchaser, "because he took the legal title by endorsement after notice of the injunction, and he thereby became a *lis pendens* purchaser and was bound by the final judgment making the injunction perpetual." It need only be said in answer to this argument, that the special finding states that, in an action brought by William Proctor, it was adjudged that Cole was the equitable owner of the notes in suit on the 23d day of February, 1880.

Judgment affirmed.

MITCHELL, J., did not take any part in the decision of this case.

Filed May 28, 1888.