# WHEELING.

## Davis *v.* Noll.

Submitted June 8, 1893.—Decided June 23, 1893.

1. OFFSETS—NEGOTIABLE INSTRUMENTS.

A *bona fide* purchaser for value of an overdue negotiable in-strument holds it subject only to such equities, as attach to the instrument itself at the time of the transfer, not to offsets before or after acquired, of which he has no notice.

2. OFFSETS—NEGOTIABLE INSTRUMENTS.

The transfer of an overdue negotiable note, with the fraudu-lent intent to delay, hinder, and defraud the maker of such note out of a just offset, is void as to such offset under the laws of this state, unless made to a *bona fide* purchaser for value without notice of such intent.

3. NEGOTIABLE INSTRUMENTS.

Every gift, assignment, or transfer of a negotiable instrument, on consideration not deemed valuable in law, is void as to exist-ing creditors in the hands of such donee, assignee, or transferee, but not in the hands of a *bona fide* holder for value.

HENRY M. RUSSELL, for plaintiff in error:

I.—*The admissibility of a set-off is governed by the law of the forum.*—38 Vt. 500 ; 1 Dan. Neg. Inst. 738.

II.—*Independent set-off held by maker against assignor may be asserted in Virginia against assignee of an overdue nego-tiable note*—6 Cr. 203 ; 5 Munf. 388 ; 18 W. Va. 212.

III.—*An independent set-off held by the maker against the payee should be allowed in an action brought by the assignee of com-mercial paper, to whom it has been assigned after maturity and without consideration and for the purpose of evading the set-off.* 39 N. H. 54.; 25 Mo. 422; 111 Ind. 272; 69 Ill. 574; 118 U. S. 152; 86 Pa. St. 221 ; 82 Pa. St. 344; 141 Pa. St. 184.

WHITE & ALLEN, for defendant in error cite 14 Gratt. 6; 18 W. Va. 212; 80 Pa. St. 463; 13 N. H. 126.

DENT, JUDGE :

This is a suit instituted by George S. Davis, the indorser of two certain negotiable promissory notes, against M. F.

Noll, the maker, in the Circuit Court of Ohio county. Defendant appeared and demurred to the declaration, which demurrer was overruled. Two special pleas in writing were tendered and rejected. *Nil debet* was pleaded, and an account of an offset filed. On the trial defendant offered to prove his offset, but the court refused to admit his proof and gave judgment against him for the full amount of plaintiff's demand.

From this judgment defendant obtained a writ of error to this Court on the following assignment of errors: (1) The overruling of the demurrer to the declaration; (2) the rejection of the two special pleas; (3) the exclusion of the evidence and the overruling of the motion for a new trial.

The first of these assignments is not relied on in the argument and appears to have been interposed as a mere matter of precaution. The evidence tendered was not proper under the plea filed but would have been admissible under the pleas rejected. So the error in this case, if there is any, arises from the rejection of the pleas tendered.

Plea No. 1 is in substance, that the notes sued on were transferred to the plaintiff by A. C. Patterson, the payee, after maturity, and that at the time of such transfer defendant held a just offset against the indorser, which he was entitled to have allowed against such notes, and therefore raises the question of law included in point 2 of syllabus, *Smith* v. *Lawson*, 18 W. Va. 213, which is as follows, to wit:

"(2) *Quære:* If the equities, to which such overdue note is subject in the hands of the transferee, are such equities as attach to the note itself, as illegality or want or failure of consideration, or a release or payment only; or whether it includes all offsets?"

This *quære* has never been answered in this State, but is an unsettled question. The matter of set-off appertains to the remedy, solely, and is controlled by the law of the forum. The plaintiff, in submitting himself to the jurisdiction, must be satisfied with such remedies as the law affords to all suitors alike. 1 Daniel Neg. Inst. p. 904, § 890. The legislature of this State has never passed any law relating to offsets against negotiable notes specially, as has been done in other States; but we are to be governed

in the determination of this question by the common-law, as provided in article VI. § 21, of the constitution.

The common-law, declared by modern English decisions, is that the indorsee of an over-due bill or note takes it subject to equities growing out of the transaction and existing at the time of the transfer, not as to a set-off arising out of collateral and wholly independent matters; and this though the indorsee had notice, gave no consideration for, and took the paper on purpose to defeat the offset. This is now held to be a fixed principle of commercial law, although several of the States repudiate the doctrine, and allow offsets to be pleaded which existed at the time, but not those procured after the transfer. 1 Daniel, Neg. Inst. § 725; 2 Daniel, Neg. Inst. §§ 1435*a*. 1436.

According to the uniform decisions and leanings of the courts of this State and Virginia, we can not do otherwise than accept the decisions of the English courts as declarative of the common-law and hence the law of this State, except in so far as modified by statute. In the case of *Davis* v. *Miller*, 14 Gratt. 1, it is held "that the law merchant, which is part of our law, has made certain paper negotiable. The payee, or person legally entitled to it, may pass the legal title to another; and the title of that other is just as perfect as if he had been the original payee, or just as perfect as would be his title to any other kind of property legally transferred to him." After maturity and dishonor it is still negotiable, but the transferee takes it subject to such equities as attach to the note itself, in the same manner as he would take any other personal property. The right of offset being of modern statutory creation is neither an equity nor lien recognized by the law merchant as attaching to a negotiable instrument; and therefore the *bona fide* purchaser of an overdue negotiable note is not required to take notice of existing offsets in the absence of legislative enactment. The legislature of this State has remained silent on this subject, except in so far as it has actually excepted negotiable paper from the operation of the provisions of section 4, c. 126, of the Code, in relation to non-negotiable paper; thus refusing to place commercial paper on the same footing, so far as the right

to offset is concerned, with non-negotiable paper, which by this section was made more nearly to approach negotiable paper. It is not the province of judicial bodies to change but only declare what the law is; and, this being the sole question presented by plea No. 1, the Circuit Court could not do otherwise than reject it.

Plea No. 2 in substance alleges that the plaintiff and A. C. Patterson combined and confederated together to defraud the defendant out of the amount of his debt and cause him to lose the same, and that the one made, and the other received, the transfer of said negotiable notes without consideration for the purpose of preventing defendant from recovering said offset, and for no other purpose; thereby, while not in express terms, yet virtually alleging a fraudulent transfer of these negotiable notes under the Code, c. 74, ss. 1, 2.

"(1) Every gift, conveyance, assignment or transfer of, or charge upon any estate, real or personal; every suit commenced, or decree, judgment, or execution suffered or obtained, and every bond or other writing given—with intent to delay, hinder, or defraud creditors or purchasers or other persons of or from what they are or may be lawfully entitled to—shall, as to such creditors, purchasers, or other persons, representatives, or assigns, be void."

(2.) "Every gift, conveyance or assignment, transfer or charge, which is not on consideration deemed valuable in law, shall be void as to creditors whose debts shall have been contracted at the time it was made."

The defendant's plea alleges this to be a transfer without consideration, for the purpose of defrauding him out of an existing and just debt. If these allegations are true, then the transfer is void as to the defendant's offset. Negotiable paper, like any other property, may be the subject of fraudulent transfer; and if the fraudulent intent exists and is participated in by the transferee for or without value, his title is void as to existing creditors, as the law merchant can not protect a transaction *mala fides* from the operation of the wholesome and wise provisions of the statutory law. No man can give away negotiable securities to the detriment of existing creditors, any more than he can give away

his horse or house.   In such cases the law avoiding the illegal transfer treats the fraudulent holder as the agent or trustee secretly suing for the benefit of his principal, and allows all just offsets against such principal.   2 Daniel, Neg. Inst. p. 451 ; *Pates* v. *St. Clair*, 11 Gratt. 24 ; *Smith* v. *Lawson*, 18 W. Va. 240.

Offsets were unknown to the common-law.   Our statute on the subject (section 4, c. 126, Code) provides :   "In a suit for any debt the defendant may, at the trial, prove, and have allowed against such debt, any payment or set-off which is so described in his plea, or in any account filed therewith, as to give the plaintiff notice of its nature, but not otherwise."   "Between the original parties to a negotiable note, or parties between whom there is a privity—that is, between the maker and payee, drawer, and acceptor, indorser and immediate indorsee—a set-off may be pleaded to negotiable securities, as well as any other kind."   2 Daniel, Neg. Inst. § 1435.

This, then being a void assignment, or transfer, under the law of this State, the defendant has the right to plead and have allowed any set-off he may hold against the fraudulent assignor or transferrer.   Plea no 2 clearly describes such an offset.

We therefore conclude the Court erred in rejecting said plea, for which reason the judgment of the Circuit Court is reversed, the order rejecting plea No. 2 is set aside, and the plea filed, and this case is remanded to the Circuit Court to be further proceeded with according to law.