## STATE BANK OF FILLMORE v. HAYES.

I. Where a debtor executed to his creditor a note for a sum exceeding the debt, and received the creditor's note for the amount of such excess,

the note given by such debtor was not an accommodation note, but was for a full consideration.

2.   Under Comp. Laws, § 3442, providing that "a non-negotiable written contract for the payment of money may be transferred by indorsement in like manner with negotiable instruments, * * * subject to all equities and defenses existing in favor of the maker at the time of the indorsement," a right of action for breach of contract accruing to the maker of a nonnegotiable note against the payee three years after the note was transferred by indorsement constitutes no defense to a suit by the indorsee to recover on the note.

(Opinion filed Dec. 31, 1902.)

Appeal from circuit court, Hughes county; Hon. LORING E. GAFFY, Judge.

Action by the State Bank of Fillmore against John Hayes. From a judgment for plaintiff, defendant appeals. Affirmed.

*John F. Hughes* and *Albert Gunderson,* for appellant.

*Horner & Stewart,* for respondent.

CORSON, J.   This is an appeal from a judgment entered upon a directed verdict. The action is by the indorsee of a promissory note against the maker. The defendant, in his answer, admitted that he executed the note in controversy to one F. H. Smith for the sum of $800, and alleged that the said note was for the accommodation of the said Smith, and was without consideration, except a small portion thereof, and that in regard to that portion the defendant had an offset against said Smith prior to the sale or pretended sale of the said note to the plaintiff. The defendant avers that, prior to any sale or pretended sale or transfer of the said note by said Smith to the plaintiff, the said Smith became and was indebted to the plaintiff in a larger sum than the amount nominally due on said note, and that at

the time of the pretended sale of the note to the plaintiff there was nothing due on the said note to said Smith. The defendant set out a transaction in 1898 between himself and Smith, in which said Smith agreed to transfer to the defendant 21 shares of the capital stock of the Stock Grower's Bank of Ft. Pierre, of the value of $2,300. That the plaintiff became possessed of the said certificate of stock, and still retains the same, and has thereby prevented the defendant from obtaining the said stock, to his damage in the sum of $2,300. At the close of the trial, on motion of the plaintiff, the court struck out all the evidence for the defendant, and directed a verdict in favor of the plaintiff. The first and principal error assigned is that the court erred in directing the verdict.

The facts, as disclosed by the evidence, may be briefly stated as follows: In 1895 the defendant was indebted to Smith in the sum of $300, and at that time he and the said Smith entered into an agreement by which he executed to Smith his promissory note for $800, and Smith executed to the defendant his promissory note for $500. The $800 note executed by the defendant to the said Smith in 1895 was nonnegotiable and was by said Smith transferred to the plaintiff. The interest was paid by the defendant, and the note renewed annually. The last renewal note given in January, 1898, upon which this action was instituted, was negotiable. It is contended on the part of the defendant that, the first note being nonnegotiable, the note in controversy, given as a renewal of that note, must be regarded also an nonnegotiable, so far as the plaintiff in this action is concerned. Assuming, without deciding, that the defendant is right in his contention, still it is quite apparent that he has no defense to this action. When the defendant

executed the $800 note, $300 of it was due to the said Smith, and Smith executed his $500 note to the defendant. The defendant therefore received full consideration for his note. The contention of the defendant that it was an accommodation note is not supported by the authorities. In 1 Am. & Eng. Enc. Law, p. 338, the author of the note upon Accommodation Paper says, "Cross-bills (that is, bill or notes exchanged for mutual convenience) are not accommodation paper, since each is a consideration for the other." From the numerous authorities upon this subject we cite the following; Farber v. Iron Co., 140 Ind. 54, 39 N. E. 249; Bank v. Smith, 85 Hun, 200, 32 N. Y. Supp. 999; Cohu v. Hutson, 113 N. Y. 662, 21 N. E. 703; Backus v. Spaulding, 116 Mass. 418. The contention therefore of the defendant, that the note executed by him to the said Smith was an accommodation note and without consideration, is clearly untenable.

The contention of the defendent that he was entitled to counterclaim against the plaintiff for the value of the stock claimed to have been sold to him by Smith was also clearly untenable. It appears from the evidence that in 1898 Smith entered into a contract with the defendant to sell him 21 shares of the capital stock of the Stock Grower's Bank, but the stock was not delivered or transferred to the defendant, and no money was paid therefor by the defendant. Subsequently this stock came into the hands of the plaintiff, and it claimed the same as owner by reason of some transaction between it and the said Smith. The defendant therefore had simply a right of action for a breach of the contract against Smith. It was a transaction occurring three years subsequent to the execution of the original note by the defendant. Section 3442, Comp.

Laws, reads as follows: "A non-negotiable written contract for the payment of money or personal property may be transferred by indorsement, in like manner with negotiable instruments. Such indorsement shall transfer all the rights of the assignor under the instrument to the assignee, subject to all equities and defenses existing in favor of the maker at the time of the indorsement." It will be noticed that the indorsement is subject to all the equities and defenses existing in favor of the maker at the time of the indorsement only. This section seems to substantially embody the common law upon this subject. 4 Am. & Eng. Enc. Law, 317; Robinson v. Lyman, 10 Conn. 30, 25 Am. Dec. 52; Wood v. Brush, 72 Cal. 224, 13 Pac. 627; Proctor v. Cole, 115 Ind. 15, 17 N. E. 189; Whittaker v. Kuhn, 52 Iowa, 315, 3 N. W. 127; Robinson v. Perry, 73 Me. 168; Davis v. Noll, 38 W. Va. 66, 17 S. E. 791, 45 Am. St. Rep. 841.

Upon no theory of the law can the alleged counterclaim of the defendant, which he may have against the estate of the said Smith, be enforced against the plaintiff in this action. As we have seen, it was not a counterclaim existing at the time the original note was executed by the defendant to Smith, and was not, therefore, such a counterclaim as could under any circumstances be enforced as against the plaintiff. The defense and counterclaim, therefore, were not available to the defendant, and constituted no defense in this action. They were therefore properly stricken out, and the verdict in favor of the plaintiff properly directed.

The defendant contends that the court erred in the admission of certain evidence, but, in the view we have taken of the case, it will not be necessary to discuss these assignments of

16 S. D.—24

error in this opinion, as we are satisfied that the court committed no error in this respect.

Finding no error in the record, the judgment of the court below, and the order denying a new trial, are affirmed.