8891.  CENTRAL TRUST COMPANY *v.* FARGASON.

JENKINS, J.  "If the holder [of a negotiable instrument] receives it after it is due, its non-payment at maturity is notice to him of dishonor, and he takes it subject to all the equities *existing* between the original parties thereto" (Civil Code of 1910, § 4287), arising out of and connected with the original contract (Civil Code of 1910, § 4344) ; but the fact that a note is overdue does not destroy its character of negotiability (see authorities cited in note 1 to case of Young Men's Christian Association Gymnasium *v.* Rockford National Bank (179 Ill. 599, 54 N. E. 297, 70 Am. St. R. 135), as reported in 46 L. R. A. 753) ; and equities between the maker and the payee, originating after a transfer to a third person, will not affect the rights of the holder, though the transfer be made after the note becomes due. Whittaker *v.* Kuhn, 52 Iowa 315 (3 N. W. 127; 7 Cyc. 820 (3); 8 C. J. 389, § 576; Civil Code (1910), § 3653; *Guerry* v. *Perryman,* 6 *Ga.* 119.

*Judgment reversed. Wade, C. J., and Luke, J., concur.*
DECIDED JANUARY 29, 1918.

. Complaint; from city court of Dawson—Judge Edwards. May 12, 1917.

*Parks & Parks, Miller & Jones,* for plaintiff.
*Yeomans & Wilkinson,* for defendant.