No. 7554.

EIGENMAN *v.* THE ROCKPORT BUILDING AND LOAN ASSO-
CIATION.

PLEADING.—*Amendment.*—A pleading may be amended by filing an amend-
ment thereto, without re-writing the whole pleading; and in such case
the original pleading and the amendment will constitute the amended
pleading.

SUPREME COURT.—*Demurrer.*—A demurrer to a complaint, treated in the
court below, without objection, as in a cause, though not entitled as of
any cause or court, will be so regarded by the Supreme Court.

BILL OF EXCEPTIONS.—*Evidence.*—A bill of exceptions, which declares that
it contains all the evidence, but does not contain written evidence which
it shows was admitted, is not sufficient to present any question to the
Supreme Court as to the sufficiency of the evidence.

BUILDING ASSOCIATION.—*Mortgage.*—*Pleading.*—*Evidence.*— *Witness.*—*Cross-
Examination.*—A complaint alleged an agreement by the defendant, in

consideration of the assignment to him by the plaintiff of a certain mortgage, that he would pay to the plaintiff certain sums of money, and the further sum of $10 on Friday of each week, as dues on the principal of said mortgage, and $20 on the first Friday of each month as interest on said mortgage, in accordance with sections 3, 4 and 7 of the constitution and by-laws of the plaintiff (a building and loan association), until all the shares of stock should be paid and the plaintiff dissolved; and further, that he would pay the plaintiff all further sums or dues which might be assessed by its board of directors against him; that the sum of $200 was legally assessed, and that the mortgage was duly assigned, and that the shares were not fully redeemed. There was a proper breach assigned, and bill of particulars.

*Held*, that the complaint was good on demurrer.

*Held*, also, that the constitution and by-laws of the plaintiff, also an order of its board of directors authorizing the assignment of the mortgage by its president and secretary, were admissible in evidence.

*Held*, also, that a witness, the secretary of the plaintiff, might state the amount due from the defendant without accompanying the statement with the data from which it was made and a statement of the plaintiff's assets and liabilities; and if the defendant desired the data, or the sources of knowledge of the witness, he could obtain them on cross-examination.

From the Spencer Circuit Court.

*D. T. Laird* and *C. A. DeBruler*, for appellant.

*C. L. Wedding*, for appellee.

MORRIS, C.—This suit is brought by the appellee upon a contract made by it with the appellant. It is alleged, in the original complaint, that on the 29th day of December, 1876, the appellee was the owner of two mortgages executed to it by Lewis Gunsler, one of its members, on certain real estate; that the appellant held a junior mortgage on the same land; that he purchased of the appellee its mortgages and agreed to pay therefor in advance, all dues on principal, interest and fines that might become due and owing on said mortgages by Gunsler, up to July 12th, 1877, and also to pay the plaintiff below, after July 12th, 1877, the further sum of ten dollars on Friday of each week, as dues on the principal of said mortgages, and twenty dollars on the first Friday in each month, as interest on said mortgages, in accordance with sec-

tions 3, 4 and 7 of article 13 of the constitution and by-laws of the plaintiff, until all the outstanding shares of stock owed by the plaintiff should be paid, and the plaintiff dissolved; and further, that the appellant would pay the plaintiff all further sums or dues which might arise or be assessed by its board of directors against him. It is averred that $200 were legally assessed by the plaintiff against the appellant, which remains due and unpaid. It is averred that said mortgages were duly assigned to the appellant, who has failed and refused to pay said sums of ten dollars due on Friday of each week, and said sum of twenty dollars, due on the first Friday of each month, in accordance with the constitution and by-laws of the plaintiff, though often requested so to do. It is also averred that there was chargeable to said mortgages assigned to the appellant, after July 12th, 1877,—the sum not stated; that the outstanding shares owed by the appellee are not fully redeemed in accordance with its constitution and by-laws; that there is due the plaintiff on said agreement $186.00. A bill of particulars is filed, showing the items of indebtedness claimed; also copies of said mortgages and assignments were filed with the complaint.

The appellant demurred to the complaint on the ground that it did not contain a cause of action. The demurrer was sustained. The record then proceeds as follows:

"And now comes the plaintiff and files his amended complaint, which said amendment is in these words and figures: 'Said defendant also at the same time expressly agreed that if said plaintiff would assign his [its] said mortgages he would pay said plaintiff all and any further dues which might arise or be assessed by the plaintiff's board of directors, as aforesaid, against him. And the plaintiff avers that there is due and was legally assessed against said defendant, the sum of two hundred dollars, which remains unpaid.' And also the defendant files his answer."

The appellant filed an answer to the amended complaint in seven paragraphs. Afterward, upon leave of the court, the

appellant withdrew his answer and filed his demurrer to the amended complaint, which is set out in the record thus:

" Which said demurrer is in words and figures as follows:

"' The defendant demurs to the plaintiff's complaint herein, and for ground of demurrer says, that said complaint does not state facts sufficient to constitute a cause of action against him. ' DeBruler & Hatfield and D. Laird, for defendant.' "

The court overruled this demurrer, and the appellant excepted.* He then refiled his answer. No reply seems to have been filed to the answer. The cause was submitted to a jury; verdict for the appellee. The appellant filed a motion for a new trial, which was overruled, and he excepted. He also filed a bill of exceptions purporting to contain all the evidence given in the cause.

The errors assigned are numerous. The first is, that the court erred in overruling the demurrer to the complaint. The last, which includes all the others, is, that the court erred in overruling the appellant's motion for a new trial.

The appellee asks us to dismiss the appeal because of the incompleteness of, and defects in, the record. He insists that the amended complaint is not in the record, and that the bill of exceptions does not contain all the evidence given in the cause, and is not, for that reason, any part of the transcript.

The amendment seems to have been made by writing it on a separate paper. The record shows that this paper was filed as an amendment to the complaint. This, we think, may be done, and then the two papers—the original complaint and the amendment—will constitute the amended complaint. Where the whole structure of the complaint is changed, it is generally re-written, but where the amendment, as in this case, consists of an additional averment merely, we can see no reason for re-writing the whole complaint. The original complaint and the amendment being in the record, they should be treated as the amended complaint.

The bill of exceptions shows that an entry contained in a book, kept by the secretary of the appellee, was read in evi-

dence, but it does not contain the entry, nor refer to it, except in the following words, part of the testimony of a witness on behalf of the appellee:

"The book I have here contains the amounts due and paid by all shareholders, computed according to the terms of the mortgage. It includes the Gunsler loan. I kept the book, as secretary." The plaintiff offered the book, so far as it related to Gunsler's computation, in evidence, and the defendant objected because the defendant was not a member of, nor bound by, the entry, which the court overruled, and the entry was read. "One of the books of the association, in which it is his duty, at each meeting, to give every person that pays any thing, credit for it opposite his name. If they do not pay, the blank spaces denote that the sums charged against each person by the constitution and by-laws and the terms of their contract, are against them and unpaid, as here shown in this book."

It is very clear that the bill of exceptions does not contain the entry thus read to the jury, nor all the evidence given in the cause, notwithstanding the formal statement at the conclusion that it does. For this reason, as held in the case of *Sidener* v. *Davis*, 69 Ind. 336, it can not be regarded as a part of the record. There is no place in the bill of exceptions designating where the entry should be copied into it, nor is the entry copied into it at all. In the case referred to, Judge BIDDLE says:

"We find copied in the transcript what purports to be a bill of exceptions, covering many pages, in which various notes, receipts, contracts, bills of lading, letters, and depositions are mentioned but not copied therein. After the formal closing of the bill and the signature of the judge, these papers so mentioned are copied below in the transcript by the clerk, but have received no sanction by the signature of the judge. It is plain, therefore, that, although the bill of exceptions above the judge's signature states that it contains all the evidence given in the case, yet the unfilled blanks show that it does not."

The bill of exceptions not containing all the evidence given

in the case, no question as to the sufficiency of the evidence is presented for decision here.

Upon the trial, the appellee offered in evidence its constitution and by-laws; also, an order of its board of directors authorizing its president and secretary to assign the Gunsler mortgages to the appellant, upon his payment of the amount due and to become due thereon up to the 12th day of July, 1877, and upon his giving bond to pay such further dues, fines and interest as should become due on said mortgages according to the constitution and by-laws, after the 12th day of July, 1877. To the introduction of this evidence the appellant objected. The objection was overruled and the evidence admitted. We think there was no error in permitting the constitution and by-laws of the appellee to be read in evidence. The dues and fines and the amount of interest to be paid by members upon loans were fixed by the constitution and by-laws; and the order put in evidence was the authority by which, upon the condition named in it, its officers transferred the mortgages to the appellant. The validity of this order did not depend upon the presence of the appellant at the time of its adoption, nor upon his knowledge of its terms. There was no error in its admission as evidence.

The bill of exceptions states that the appellee " offered to prove by Charles Hicks, as secretary of said association, that there is due from the defendant," the appellant, "and was due on the 12th day of September, 1877, the sum of $186, as stated in plaintiff's bill of particulars. To the permitting of said evidence to be given to the jury, the defendant objected, because said statement of the amount of said indebtedness was not accompanied by him as such secretary with the data from which it was made and a statement of the assets and liabilities of said association at that time, showing the deficiency due from the defendant on the Gunsler mortgages." This objection was overruled, and the witness was permitted to make the statement. We think there was no error in this. If the witness knew the amount of the appellant's indebtedness

to the appellee, it was competent for him to state it.   If the
appellant desired the witness to give the data upon which his
statement rested, or the sources of his knowledge, he could
have obtained either or both by a proper cross-examination of
the witness.   There was no error in admitting this evidence
over the objection made to its admission.

The remaining question is as to the ruling of the court upon
the demurrer.

The demurrer does not contain the names of the parties nor
of the court.   But it states in proper form the ground of de-
murrer; it was filed in the cause and acted upon as valid.   We
think it should be so treated by this court.

The contract declared on was one which the parties were
competent to make.   The appellee had a right to determine
how much it would take for the Gunsler mortgages, and it
was the business of the appellant to determine how much he
would give for them.   Having done this, the law will enforce
the contract as made.   The complaint alleges that the appel-
lant paid the appellee for the mortgages, the dues thereon up
to July 12th, 1877, and agreed to pay after July 12th,
1877, the further sums of $10 on Friday of each week,
and $20 on the first Friday in each month, and such fur-
ther sums as might be legally assessed by the appellee's
board of directors against him on account of the mortgages.
Looking at the transaction, the purpose for which the mort-
gages were taken by the appellee and the relation of Gunsler
to it, we think the appellee would not have been disposed to
transfer the mortgages, which secured all dues, fines and assess-
ments which it might legally make on Gunsler's stock, or for
which he might become liable on account thereof, as well after
as before the 12th of July, 1877, so as to diminish the secu-
rity.   It would require Eigenman to stand as surety instead of
the mortgages.   And this would be just and fair, and what he,
by the contract, as set out in the complaint, agreed to do.   The
receipt of these dues, fines and assessments by the appellee
from the appellant as the assignee of the mortgages, and under

the contract, would operate as an equitable assignment of such ·dues, fines and assessments to the appellant. Equity would keep them alive for his benefit, and the mortgage, having been given to secure their payment, would still stand as such se- ·curity for their payment in the hands of the appellant, who ·could foreclose the mortgages for their payment. *Howe* v. *Woodruff*, 12 Ind. 214.

It is insisted by the appellant that the appellee ceased to ·exist on the 12th day of July, 1877, and that this is apparent upon the face of the complaint. By the 6th section of "An ·act establishing provisions respecting corporations," 1 R. S. 1876, p. 370, which is applicable to the appellee, it continued to exist after the 12th day of July, 1877, for the purpose of settling ·and winding up its business. It is averred in the complaint that the appellee owed on several shares of stock at and after the 12th day of July, 1877, and that they were outstanding ·and had not been fully paid at the commencement of this suit; that it was by the collection of dues, fines and assessments ·alone, that these outstanding and unredeemed shares could be paid and liquidated. The complaint shows, therefore, that the appellee has not ceased to exist.

The judgment should be affirmed.

PER CURIAM.—It is ordered, upon the foregoing opinion, that the judgment below be in all things affirmed, at the costs ·of the appellant.