Rush *et al.* v. Thompson *et al.*

No. 13,545.

RUSH ET AL. *v.* THOMPSON ET AL.

PARTNERSHIP.—*Set-Off.*—*Counter-Claim.*—To a complaint by three persons, claiming to be partners, an answer by way of set-off and counter-claim that the defendant is not indebted to the firm as so constituted, but that his business dealings had been wholly with the firm composed of two of the plaintiffs only, who, as such partners, were indebted to the defendant in a sum exceeding that sued for, and offering to set off an equal sum against any amount found due said two plaintiffs and ask-ing judgment against them for the balance, is good.

SAME.—*Representations by One Partner that Another is not Member of Firm.*—One partner, dealing in the name of the firm, can not deprive another member of the firm of his interest in the partnership assets by repre-sentations to others with whom he deals that such person is not a member of the firm, where the latter neither authorizes nor knows of such statements.

SAME.—*Set-Off.*—*Mutuality.*—Where a firm composed of three persons sues to recover a debt due to the firm as so constituted, the defendant can not set off a debt due from two of the partners to him against their proportion of the debt sued for.

SET-OFF.—*Mutuality.*—Mutuality is essential to the validity of a set-off, except where it is necessary to allow the set-off in order to prevent irre-mediable injustice.

SUPREME COURT.—*Pleading.*—*Harmless Error.*—Where a demurrer has been sustained to a good paragraph of answer, and there is no other paragraph under which the same facts are admissible in evidence, the Supreme Court can not, by looking to the evidence or to the finding of the trial court, pronounce the error harmless.

PRACTICE.—*Pleading.*—*Evidence.*—Proof of a cross complaint can not be made under an answer of general denial.

From the Marion Superior Court.

*S. Claypool* and *W. A. Ketcham,* for appellants.

*J. S. Duncan, C. W. Smith* and *J. R. Wilson,* for appellees.

ZOLLARS, C. J.—James W. Thompson, Sr., John W. French and James W. Thompson, Jr., appellees here, brought this action against Frederick P. Rush, George E. Townley and Edward F. Gall, the appellants.

Appellees alleged in their complaint that they were part-

ners doing business under the firm name of J. W. Thompson & Co., and that appellants, a firm doing business under the firm name of Fred P. Rush & Co., were indebted to them in the sum of $10,552 for wheat sold and delivered.

Appellants filed what purports to be an answer, in four paragraphs: First, a general denial; second, payment. In a third paragraph, as therein stated, by way of answer, and by way of set-off and counter-claim, appellants denied that they were, or at any time had been, indebted to the plaintiffs, or ever had any business transaction with them as such firm, composed of the three members named. It was further averred, that they had sold wheat for James W. Thompson, Sr., and John W. French, partners doing business under the firm name of J. W. Thompson & Co., and received the money for the same, and that, prior and subsequent to such sale, said James W. Thompson, Sr., and John W. French, under such firm name, became indebted to them, the defendants, in the sum of $55,292 for services rendered to said firm at their request, for money laid out and expended for them at their request, and for money had and received by them from the defendants. The plea closed with an offer to set off, as against any amount that might be found due to said James W. Thompson, Sr., and John W. French, an equal amount due from them to the defendants, and with a prayer for judgment against said plaintiffs for the balance due the defendants.

It is assigned as error here, that the court below erred in sustaining a demurrer to the foregoing plea. That assignment must be sustained. The plea is clearly good.

As a rule of pleading, it is settled in this State that a complaint by several persons must state a cause of action in favor of all of them in order to be good as against a demurrer for want of facts. *Berkshire* v. *Shultz*, 25 Ind. 523; *Holzman* v. *Hibben*, 100 Ind. 338.

On the other hand, it is provided by statute that, upon the trial of a cause, judgment may be given for or against one

or more of several plaintiffs, and for or against one or more of several defendants. R. S. 1881, sections 568, 569.

If, upon the trial, the evidence had shown that appellants were indebted to Thompson, Sr., and French, as the only members of the firm of J. W. Thompson & Co., the court would have had the right, under the above statute, and it would have been its duty, in the absence of countervailing evidence, to have rendered judgment against the defendants in favor of those plaintiffs. And because of that right and duty on the part of the trial court, it must follow that appellants, as defendants below, had the right to plead that Thompson, Sr., and French were the only members of the firm of J. W. Thompson & Co., and the only persons who had any interest in the cause of action set up in the complaint, or to whom they were in any way indebted, and also to set up, as against those plaintiffs, whatever defence they had, or whatever claim they had in the way of set-off or counter-claim. *Berkshire* v. *Shultz, supra; Hamilton* v. *Browning,* 94 Ind. 242; *Moyer* v. *Brand,* 102 Ind. 301; *Terwilliger* v. *Murphy,* 104 Ind. 32.

The fourth paragraph of plea by appellants, defendants below, like the third, purported to be by way of answer, and by way of set-off and counter-claim. The facts set up in the two paragraphs were substantially the same, with this difference: In the third it was alleged, as a fact, that the firm of J. W. Thompson & Co. was composed of Thompson, Sr., and French only. In the fourth it was alleged that, during the transactions between the parties, James W. Thompson, Sr., and John W. French *claimed* that they alone composed the firm of J. W. Thompson & Co. There were these averments: "And defendants say that they were never informed, nor had they notice, that the plaintiff James W. Thompson, Jr., was a member of, or had any interest in, or connection with said firm. And in all their transactions with said plaintiffs Thompson, Sr., and French, said plaintiffs represented that said firm was composed of the said

plaintiffs Thompson, Sr., and French, and that no other person whatever had any interest in said firm." It was further averred that, relying upon said representations, and believing them to be true, appellants rendered the services and advanced the money, etc., to said Thompson, Sr., and French. The paragraph closed with a prayer that as against any amount that might be found due to Thompson, Sr., and French, an equal amount due from them to appellants might be set off, and that appellants might have judgment against said plaintiffs for the balance due from them.

That plea, we think, was not good. That the three plaintiffs, appellees, composed the firm of J. W. Thompson & Co. is not disputed in the plea; nor is there any charge of bad faith on the part of Thompson, Jr., either in the way of representations, in the way of keeping silent when he ought to have spoken, or in any other manner. Nor is it charged, or in any way shown, that he was a dormant partner.

The only construction that can be put upon the plea is, that Thompson, Sr., and French represented to appellants that they alone composed the firm of J. W. Thompson & Co. There is no averment that Thompson, Jr., either authorized or had any knowledge at all of such representations by his partners. Thompson, Jr., although he did not personally participate in the transactions between appellants and the firm of J. W. Thompson & Co., being a partner in that firm, had an interest in all of the firm assets, including, of course, the wheat sold to appellants, or sold by them for the firm, and hence had an interest in the claim against appellants for the value of the wheat, or the amount received by them for it. He could not be deprived of that interest by the statements of his partners, without his knowledge or consent, that he was not a member of the firm. Each partner in a firm is, in a sense, the agent of his co-partners, and may bind them by his acts, contracts and statements as to all matters fairly within the scope of the partnership business; but, deal-

ing in the name of the firm, one partner can not deprive another member of the firm of his interest in the firm assets, by representations to others with whom he deals that such partner is not a member of the firm, where such partner neither authorizes nor knows of such statements. *Gordon* v. *Ellis*, 52 Eng. C. L. 821 ; 2 Lindley Partnership, pp. 508, 509 ; *Ramazotti* v. *Bowring*, 7 C. B. (N. S.) 851.

Mutuality is essential to the validity of a set-off. *Griffin* v. *Cox*, 30 Ind. 242 ; *Booe* v. *Watson*, 13 Ind. 387 ; *Blankenship* v. *Rogers*, 10 Ind. 333 ; *Proctor* v. *Cole*, 104 Ind. 373 (379).

No mutuality is shown here. The debt due from appellants was, and is, due to the firm of J. W. Thompson & Co., composed of James W. Thompson, Sr., John W. French and James W. Thompson, Jr. The debt due to appellants is due from Thompson, Sr., and French alone. It, therefore, can not be set off against the debt due to the plaintiffs, appellees, from appellants.

The prayer, however, is to be allowed to set off so much of the debt due from appellants as shall equal the amount that shall be found due to Thompson, Sr., and French. That can not be done. Thompson, Jr., can not be compelled to submit that he shall personally, or that his firm shall, be subjected to the delay and expense incident to a trial of the claims existing between two of his partners and appellants. And, besides, the debt due from appellants is a partnership asset, and Thompson, Jr., has a right to insist that it shall be preserved intact for partnership purposes, such as the payment of partnership debts, etc.

There are cases where want of mutuality will not defeat a set-off, as where it is necessary to allow the set-off in order to prevent irremediable injustice, but this is not such a case, for more than one reason. For that class of cases see *Cosgrove* v. *Cosby*, 86 Ind. 511 ; *Wulschner* v. *Sells*, 87 Ind. 71 (75) ; *Carter* v. *Compton*, 79 Ind. 37.

Our conclusion is, that in sustaining the demurrer to the

fourth plea the court ruled correctly, and that it erred in sustaining the demurrer to the third plea.

Appellees' counsel contend that, conceding that the court thus erred, the error should be treated as a harmless one, and the judgment be affirmed.

Their argument is, that the essential facts set up in the plea were admissible in evidence under the general denial; and that in finding for all of the plaintiffs the court determined and ruled that the firm of J. W. Thompson & Co. was composed of the three plaintiffs, and that thereby it is made apparent that· the plea could have been of no avail to appellants had the demurrer been overruled.

It has been many times ruled by this court, that an error in sustaining a demurrer to a good paragraph of an answer will be treated by this court as a harmless error, if there is another paragraph under which the same facts are admissible in evidence. *Mason* v. *Mason,* 102 Ind. 38 ; *McGee* v. *Robbins,* 58 Ind. 463 ; *Johnson* v. *Putnam,* 95 Ind. 57 ; *Moore* v. *Boyd,* 95 Ind. 134 ; *Epperson* v. *Hostetter,* 95 Ind. 583 ; *Luntz* v. *Greve,* 102 Ind. 173 ; *Landwerlen* v. *Wheeler,* 106 Ind. 523.

It is also settled by the decisions of this court, that where a demurrer has been sustained to a good paragraph of answer, and there is no other paragraph under which the same facts were admissible in evidence, this court can not, by looking to the evidence, or to the finding of the court, pronounce the error harmless. *Wilson* v. *Town of Monticello,* 85 Ind. 10 ; *Moyer* v. *Brand,* 102 Ind. 301 ; *Fleetwood* v. *Brown,* 109 Ind. 567 (573).

We repeat here what was said in the last case : "The sustaining of a demurrer to a good paragraph of an answer, when there is no other paragraph under which the same facts may. be proven, is, in effect, a decision by the court that the facts thus set up do not constitute a defence, and are not admissible in evidence. And although the record might show that some such facts as those specially pleaded were admitted in

evidence, this court has no way of knowing that other facts in support of the plea might not have been brought forward by way of evidence, had the court not ruled the plea insufficient as a defence." See, also, *Pennsylvania Co.* v. *Poor*, 103 Ind. 553; *Pennsylvania Co.* v. *Marion*, 104 Ind. 239.

In the case before us, unless there was another plea under which the facts set up in the third could and might have been proven, the ruling of the court upon the third was, in effect, a decision and notice to appellants that the facts therein pleaded were insufficient either as a defence or by way of set-off or counter-claim.

The evidence is not in the record, and if it were we could not look to it for the purpose of ascertaining whether or not appellants were injured by the ruling.

As said in the case of *Fleetwood* v. *Brown, supra,* we would have no way of knowing that other facts in support of the plea might not have been brought forward had the court not ruled the plea insufficient. Nor can we look to the finding and judgment of the trial court.

The court found in favor of all the plaintiffs, and thus ruled that the transactions on the part of appellants were with all of the plaintiffs, and not with the two as alleged in the plea; but had the plea been held good, appellants might have produced sufficient evidence to have convinced the court of the truth of the matters by them pleaded, and thus to have brought about a different result.

Counsel call our attention to section 398, R. S. 1881, which provides that judgments shall not be reversed on account of errors or defects in pleadings or proceedings, which do not affect the substantial rights of the adverse party. That section has been many times applied by this court, and will be applied in all proper cases. The difficulty here is, that this court can not say that the ruling of the court below upon the third plea did not affect appellants' substantial rights.

This is not a case like the cases of *Keegan* v. *Carpenter*, 47 Ind. 597, *State, for use of School Town, etc.,* v. *Julian*, 93

Ind. 292, *Souders* v. *Jeffries*, 98 Ind. 31, and *Smith* v. *McKean*, 99 Ind. 101, where the court, having refused to sustain a demurrer to pleadings, found for the demurring party upon the merits of the case.

Under the general denial a defendant may introduce in evidence whatever will meet and overthrow, or tend to overthrow, what the plaintiff is bound to establish in order to a recovery upon his complaint, and nothing more. *Leary* v. *Moran*, 106 Ind. 560; *Searcy* v. *State, ex rel., etc.*, 93 Ind. 556.

Under the general denial in this case appellants might have shown that there was no cause of action in favor of the three plaintiffs, but one in favor of two of them only. That would have defeated a recovery by all, but it would not have defeated a recovery by the two.

But in order to accomplish what appellants were seeking to do, it was necessary to go further, and establish their set-off. That they could not do under the general denial; that they could not do without an affirmative pleading, such as that struck down by the court.

Thus far we have spoken of the third and fourth paragraphs as pleas. In a strict legal sense they were not pleas, but more than that, cross complaints, setting up causes of action in favor of appellants against two of the plaintiffs. 1 Works Pr., section 640; *Blount* v. *Rick*, 107 Ind. 238 (245); *Kennedy* v. *Richardson*, 70 Ind. 524; *Boil* v. *Simms*, 60 Ind. 162; *Standley* v. *Northwestern M. L. Ins. Co.*, 95 Ind. 254.

There is no theory of practice which will admit proof of a cross complaint under an answer of general denial.

The judgment is reversed, at appellees' costs, and the cause remanded, with instructions to the court below to overrule the demurrer to appellants' third plea, or, more correctly, cross complaint.

Filed Oct. 20, 1887.