No. 13,784.

## PROCTOR ET AL. *v.* COLE.

SET-OFF.—*Mutuality.*—*Promissory Note.*—Mutuality is essential to the validity of a set-off, and a defendant can not use a promissory note in which a third person has an interest as a set-off against a claim asserted by the plaintiff.

SAME.—*Evidence.*—Where a defendant offers a promissory note as a set-off, the contract under which he claims to be the owner thereof is admissible in evidence to show that he has not such an interest in the note as entitles him to use it as a set-off.

PROMISSORY NOTE.—*Ownership.—Judgment.—Estoppel.*—Where one who has an interest in a promissory note is not a party to an action in which the ownership of the note is brought in question, the judgment rendered in that action does not affect his rights.

From the Elkhart Circuit Court.

*J. M. Vanfleet,* for appellants.

*J. H. Baker* and *J. H. Defrees, Jr.,* for appellee.

COFFEY, J.—This was an action by the appellee to foreclose a mortgage against the appellants. The only questions in the case arise upon exception to the refusal of the court to grant a new trial, and upon exceptions to the conclusions of law upon the special finding of facts.

The following special finding of the facts in the cause was made by the court:

" The parties to this cause having requested that the facts proven in the trial thereof be found specially by the court, I find that the following facts were proven on the trial:

" 1. On the 31st of January, 1880, the defendant, William Proctor, executed a series of notes, of which the note in suit was the second to come due. This note was for one thousand dollars, due in nine months, payable to Henderson Cole, or order, with six per cent. interest and attorney's fees, at the St. Joseph Valley Bank, Elkhart, Indiana.

Proctor *et al. v.* Cole.

" 2. On the same day, and to secure these notes, including the note in suit, the defendants, William Proctor, and Frances Proctor, his wife, executed a mortgage to Henderson Cole on the following described real estate owned by them in Elkhart county, Indiana, to wit : Commencing twenty-seven (27) feet south of the northeast corner of lot number sixteen (16), corner Main and Jackson streets, in the original plat of the town, now city, of Elkhart; thence westwardly parallel with said Jackson street one hundred and one (101) feet; thence southwardly parallel with said Main street thirteen (13) feet; thence westwardly parallel with said Jackson street (20) feet; thence southwardly parallel with said Main street fourteen (14) feet; thence east parallel with said Jackson street one hundred and twenty-one (121) feet to Main street; thence northwardly with said Main street to the place of beginning twenty-seven (27) feet. This mortgage was duly acknowledged on the same day, and, on the 2d day of February, 1880, was duly recorded in mortgage record 24, on page 89, of the records of Elkhart county, Indiana.

" 3. On the 23d day of February, 1880, Henderson Cole sold and assigned the note in suit to the plaintiff. The assignment was not endorsed on the note at the time, but a written assignment was made on a separate paper in these words :

" ' ELKHART, Feb'y 23, 1880.

" ' For value received, I sell, assign, and transfer to Erastus B. Cole three certain notes signed by William Proctor, dated January 1, 1880. One for one thousand dollars, due in nine months from date. The second for one thousand dollars, due in eighteen months from date. The third one for one thousand eighty-eight $\frac{84}{100}$ dollars, due twenty-four months from date, all payable at the St. Joe. Valley Bank.

" ' HENDERSON COLE.'

"At the same time, Henderson Cole delivered to the plaintiff a written order to his attorney, in whose possession the

notes then were, asking him to deliver the notes to the plaintiff. The order was in these words:

"' ELKHART, Feb'y 23, 1880.

"' MR. MITCHELL—*Sir*: Please let my son, E. B. Cole, have those Proctor notes, and oblige.    H. COLE.'

"On this order the plaintiff got the notes on the 26th day of February, and on that day Henderson Cole endorsed them to the plaintiff. That said endorsement was made after the plaintiff had notice of the injunction. The endorsement on the note in suit was in these words:

"' February 23, 1880.

"' Pay to E. B. Cole, or order.    HENDERSON COLE.'

"Prior to this time the plaintiff had advanced to Henderson Cole, in payments, from $600 to $800, which he had agreed to repay whenever he was able, and the note in suit was assigned to the plaintiff in payment of that indebtedness. There is now due on the note in suit $1,506.50, including an attorney's fee of $100.

"4. On the 15th day of April, 1869, Henderson Cole executed a note for $2,000, payable with ten per cent. interest, and without relief from valuation laws, to one M. E. Cole. This note was afterwards endorsed to one A. S. Cook, and, afterwards, on the 25th day of February, 1880, it was endorsed by A. S. Wells and P. Wells to the defendant, William Proctor, without recourse. At the same time, when this latter endorsement was made, and as a part of the same transaction, an agreement in writing was entered into between the said A. S. Wells and P. Wells, and the said William Proctor, which agreement was in these words:

"' 5. This memorandum of agreement, made this 25th day of February, 1880, between William Proctor and Alma S. Wells [witnesseth that whereas Alma S. Wells], has endorsed a certain note, dated April 15th, 1869, for $2,000 to William Proctor, executed by Henderson Cole to M. E. Cole, and by said M. E. Cole endorsed to Alma Sophia Cook, since intermarried with P. Wells; now in consideration hereof, said William Proctor has paid one dollar

in cash, and agrees to pay said A. S. Wells an amount equal to one-half of the net proceeds he may be able to make out of said note either directly by way of collection, or indirectly by way of set-off; and, if said Proctor should make nothing, he shall pay said Alma S. Wells nothing; nor, in such case, shall she be liable to him for any costs and expenses he may pay or be liable for ; the net proceeds shall be found by deducting all court costs and attorney's fees paid by said Proctor in attempting to collect said notes.

" ' WM. PROCTOR.

" ' A. S. WELLS,

" ' By P. WELLS.'

" 6. On the same day on which this assignment was made, the defendant, William Proctor, brought suit in the Elkhart Circuit Court against Henderson Cole on the note assigned to him by A. S. Wells, and, on the same day, February 25th, 1880, he obtained a restraining order restraining Henderson Cole from disposing of the note here in suit, and this order was duly served on him the same night, and such other steps were taken that, at the February term, 1880, the injunction was made perpetual, and Proctor also recovered judgment on the note against Henderson Cole for $4,198. The plaintiff in this case, Erastus B. Cole, was not a party to that suit, and William Proctor first learned that the note here in suit had been transferred by Henderson Cole to him on the second day after the temporary order restraining him was granted.

" 7. There is now due on the judgment in favor of William Proctor against Henderson Cole the sum of $5,855.22.

" 8. On the 13th day of April, 1880, William Proctor brought a suit against Erastus B. Cole, the plaintiff in this action, and in his complaint he alleged that on the 31st day of January, 1880, he executed to one Henderson Cole his three several promissory notes, the note here in suit being one of them, due respectively in nine, eighteen and twenty-four months, drawing interest at six per cent. per annum,

the two first maturing notes being for $1,000 each, and the last being for $1,088,80; each of said notes was payable to the order of said Henderson Cole, at the St. Joseph Valley Bank, of Elkhart, Indiana, drawing interest at six per cent. per annum, and were negotiable commercial paper; that, on the 25th day of February, 1880, the said Proctor purchased, for a valuable consideration, a certain promissory note executed by Henderson Cole on the 15th day of April, 1869, due in one year, promising to pay the sum of two thousand dollars with interest at ten per cent. per annum until paid, payable to the order of M. E. Cole, and by him endorsed: 'Pay Alma Sophia Cook or order. M. E. Cole, July 14, 1869;' that said Alma S. Cook afterwards intermarried with one P. Wells, and that said note was, at the time of the purchase by this plaintiff, endorsed by said A. S. Wells: 'Pay William Proctor, without recourse. A. S. Wells, P. Wells;' and that thereby the said Proctor became the legal owner and holder of said note; and he further says that at the time he so took and received said note he had no notice or knowledge that said Henderson Cole had transferred any of the notes executed by said Proctor as aforesaid; that on the same day, to wit, the 25th day of February, 1880, said note executed by Henderson Cole being due and wholly unpaid, he brought suit in this court on said note against said maker, and procured an injunction from this court, in due form of law, enjoining said Henderson Cole from in any manner transferring or disposing of said notes so executed by this plaintiff Proctor, which notice of restraining order and injunction was, at once, duly served on said Henderson Cole by the sheriff of said county; that after the service of said notice of injunction and restraining order, and after said Erastus B. Cole had full notice thereof, said Henderson Cole endorsed said note in blank, and transferred said note executed by this plaintiff, Proctor, to said Erastus B. Cole without consideration; that said Erastus B. Cole, who was then, and still is, wholly insolvent, with intent to cheat and defraud this plain-

Proctor *et al. v.* Cole.

tiff, Proctor, at once took said two notes, maturing in eighteen and twenty-four months, and endorsed them to one Reuben Cole, at Niles, in the State of Michigan, and received therefor the sum of fifteen hundred dollars in cash, and the note of said Reuben Cole for the sum of five hundred dollars, dated the first of March, 1880, due in seventeen months, with interest at the rate of six per cent per annum, payable to the order of said Erastus B. Cole, at the First National Bank of Elkhart, Indiana; that said Erastus B. Cole returned to Elkhart, Indiana, and paid over to said Henderson Cole, who was his father, one thousand dollars of the money he so received of his uncle, Reuben Cole, and retained in his possession the remaining five hundred dollars in cash, and the first one of said notes executed by the plaintiff Proctor, maturing in nine months; that said Henderson Cole is now, and for many years last past has been, wholly insolvent, with no property or means whatever, save and except the said debt owing to him by the said plaintiff, Proctor; and said Erastus B. Cole was ordered to turn over the five hundred dollars in cash received by the said Reuben Cole, and said note executed by this plaintiff, Proctor, maturing in nine months; that said Erastus B. Cole at once turned over to the sheriff said two notes, and gave bond for the payment of the said five hundred dollars in cash, but that said Henderson Cole at once, and before he could be arrested, departed out of and from this State, taking with him said one thousand dollars in cash. He further says that Reuben Cole is a non-resident of this State, and he does not know whether he is solvent or not, but charges that he is insolvent; he further says that by the aforesaid evil and unlawful acts of said Erastus B. Cole he was damaged in the sum of four thousand dollars; he further says, that on the 12th day of April, 1880, he duly recovered judgment in his favor in his said suit in this court against said Henderson Cole for the sum of $4,198 and costs, and obtained a perpetual injunction restraining and enjoining said Henderson Cole, and all other persons

claiming by, through, or under him, with notice of said restraining order issued by this court on the 25th day of February, 1880, from asserting any right or claim to collect or enforce any one of said notes executed by this plaintiff, Proctor, to said Henderson Cole. Wherefore he, Proctor, asks judgment for four thousand dollars, and that said Erastus B. Cole be adjudged a claimant of said notes with notice of said restraining order, and to be bound and restrained thereby; and the plaintiff further prays judgment for three thousand dollars damages, and, as said Erastus B. Cole is also insolvent, he prays that his rights to defend himself against said notes in the hands of any other person may be saved to him, and he prays all other proper relief.

" 9. To this action, the plaintiff in this case appeared and answered by an answer in two paragraphs, substantially as follows: in the first paragraph he admitted that said Proctor executed his several notes payable to Henderson Cole, as alleged, and that said Proctor, for the nominal consideration of one dollar, procured a note to be assigned to him by one A. S. Wells, under an agreement that said Proctor should make out of said note what he could and pay the said Wells one-half the proceeds, but the defendant Cole, the now plaintiff in this action, averred that said Proctor ought not to have said action, for that before the said note was transferred as above mentioned to said Proctor, this defendant, now the plaintiff, had, for a valuable consideration to the said Henderson Cole paid, become the equitable owner of said notes in said Plaintiff Proctor's complaint mentioned; that, in consideration of money paid to said Henderson Cole, and for money laid out and expended for his use and benefit, amounting in the aggregate to between eight and nine hundred dollars, which the said Henderson Cole owed him, the said Henderson Cole sold, and by a written agreement undertook to transfer, to said Erastus B. Cole, said note first falling due—being the note now here in suit—mentioned in said Proctor's complaint; and in consideration that said Hender-

son Cole was indebted to the defendant Erastus B. Cole, and to his sister, in the sum of three thousand dollars for moneys due to them from their deceased mother's estate, the said Henderson Cole transferred to the said Erastus B. Cole, by writing, before the plaintiff Proctor became the owner of said note so procured against said Henderson Cole, as aforesaid, the other two notes mentioned ; that the said Henderson Cole, being so indebted to the said defendant Erastus B. Cole and his sister as aforesaid, by agreement between himself, his sister and said Cole, he executed and delivered to the defendant Erastus B. Cole, on the 23d day of February, 1880, a written assignment of said notes, which was taken and received in payment of said indebtedness aforesaid ; that said notes at the date of said agreement and assignment were not in the possession of said Henderson Cole, but were in the custody of his attorneys at Goshen ; that, on the same day on which the said agreement was made, he received an order for said notes ; that, on the 26th day of February, 1880, he received the said notes, and the same were endorsed to him in writing by said Henderson Cole, for the purpose of transferring to him the legal title, this defendant having previously become the equitable owner in the manner hereinbefore stated.

" 10. In the second paragraph of his answer, the said Erastus B. Cole answered, substantially, as follows : That the plaintiff herein, William Proctor, ought not to have his action against him, for that said Proctor took, and now has, the legal title to said notes and the judgment thereon rendered against Henderson Cole, upon the following express trust and confidence, expressed in writing in an agreement between himself and A. S. Wells, that he should take the legal title to said note, and whatever sum he could realize therefrom above the cost of litigation, either by bringing suit thereon against said Cole, or by making the same a set-off against the notes mentioned in plaintiff Proctor's complaint, should be equally divided between the said Proctor and the said A.

S. Wells; that said Proctor refused to purchase said note, and does not now own said note or judgment, but holds the same on the trust above mentioned; that before said Proctor received said note on the trust aforesaid, this defendant, Erastus B. Cole, became the equitable owner of said notes, for a valuable consideration theretofore paid to said Henderson Cole, and that said notes were endorsed to him, after said note against Henderson Cole was received as aforesaid, in order to invest him, Erastus B. Cole, with the legal title thereto, and for no other purpose.

" 11. To these answers so filed, the said William Proctor filed a reply in general denial.

" 12. Thereupon, on the issues so formed, the cause was submitted to this court for trial, and the court, having heard the evidence, found for the defendant therein, the plaintiff in this action, and adjudged that said William Proctor take nothing by his complaint; that Erastus B. Cole became and was the owner of said notes, including the one in suit on the 23d day of February, 1880, and was entitled to the possession of the three notes, including the one in suit, and that said Proctor did not obtain his alleged set-off until after the 23d day of February, 1880.     WILBER L. STONEX,
" *Special Judge.*"

Upon the filing of this special finding of the facts, the appellants filed a motion for a new trial, alleging as a reason therefor that the court erred in permitting the plaintiff to read in evidence the contract of purchase between William Proctor and Alma S. Wells. The court overruled said motion, and the appellants excepted.

The court then stated its conclusions of law upon said facts as follows:

*First.* The plaintiff is entitled to recover from the defendant, William Proctor, the sum of $1,520.25, and to the foreclosure of his mortgage against all the defendants.

*Second.* That the defendant is not entitled to have his

judgment against Henderson Cole set off against the plaintiff's claim.

Thereupon judgment was rendered against the appellant, William Proctor, and a decree of foreclosure against all the defendants in the action.

It is argued at great length, and with much earnestness, that the court erred in its conclusion that the appellants were not entitled to set off the judgment rendered against Henderson Cole against the claim of the plaintiff in this action.

It would seem to be a sufficient answer to that argument to say that that question was settled in the case of *Proctor* v. *Cole,* 104 Ind. 373.

In speaking of the claim upon which the judgment against Henderson Cole was rendered, and of the contract under which the appellant William Proctor acquired it, ELLIOTT, J., said : " The assignment of the note relied on as a set-off did not make the appellant the real party in interest, as to the entire proceeds of the note ; the utmost that can be granted is, that he became the owner of one-half of the proceeds, and no more. If Mrs. Wells was entitled to one-half of the proceeds, she is to that extent a real party in interest. Conceding, but by no means deciding, that the appellant has a real interest in one-half of the avails of the note obtained from Mrs. Wells, he is still not in a position to defeat the appellee. This we affirm, because he can not use a note in which another has an interest as a set-off. Our decisions are uniformly to the effect that the claim asserted as a set-off must be held by the party who asserts it, and not by him and another jointly. Mutuality is essential to the validity of a set-off." To the same effect is the case of *Proctor* v. *Cole,* 115 Ind. 15.

We see no reason to change the conclusion reached in each of these cases, and we think they settle, beyond cavil, that appellant William Proctor does not stand in a situation to use the claim acquired from Mrs. Wells as a set-off against the claim in suit.

It is further contended that the judgment in favor of the appellant, William Proctor, against Henderson Cole, is conclusive against the appellee in this case upon the question of the ownership of the Wells note. We do not think so. The suit in that case was commenced and judgment rendered after the appellee acquired an interest in the note in suit. The appellee was not a party to that suit. To hold that the judgment in that case is conclusive against the appellee would be to hold that he might be deprived of one of his defences without the opportunity of being heard. The doctrine is elementary, and is so well known that it needs no citation of authorities, that a person is not bound by a proceeding in court to which he is not a party and in which he had no opportunity of being heard.

We do not think the court erred in admitting in evidence the contract under which the appellant, William Proctor, claimed to have purchased the Wells note. It was competent for the appellee to show on the trial of the cause that the appellant had no such interest in that note as would enable him to use it as a set-off in this case. The contract under which he claimed to be the owner of it tended to prove that fact.

We find no error in the record for which the judgment should be reversed.

Judgment affirmed.

MITCHELL, J., took no part in the decision of this case.

Filed Sept. 20, 1889.