## SPINNEY ET AL. *v.* HALL ET AL.

[No. 7,459. Filed February 23, 1912.]

1. RECEIVERS.—*Actions by.—Regularity of Appointment.—Jurisdiction.—Presumptions.*—In an action by receivers, the presumption is that they were regularly appointed, and that the appointing court had jurisdiction of the subject-matter of the suit wherein they were so appointed. p. 504.

2. RECEIVERS. — *Regularity of Appointment.—Actions by.—Complaint.*—A complaint alleging that the plaintiffs duly qualified as receivers of a certain bank, and that the order appointing them authorized them to prosecute actions for the collection of the assets belonging to such bank, aided by the presumption of the regularity of their appointment, sufficiently shows that they were properly authorized to maintain an action on a note due to such bank. p. 504.

3. OFFICERS. — *Treasurers.—Deposits.—Payment of.—Subrogation.*—Where a county treasurer deposits his official money in a bank, and repays such deposit to the county from his own funds, the deposit becomes his individual property. p. 507.

4. SET-OFF AND COUNTERCLAIM.—*Equitable.—Mutuality.*—Mutuality is ordinarily essential to the validity of a set-off; but where, in order to do complete equity, it is necessary to allow the set-off, or where the action is on a note, or other contract, against several defendants, any one of whom is principal and the others sureties, an equitable set-off will be allowed. p. 507.

5. BILLS AND NOTES.—*Answer.—Equitable Set-Off.—Partnership.—Banks. — Receivers.—Officers.—Treasurers.—Contracts as to De-*

posits.—In an action by the receivers of a private partnership bank against the mercantile partnership makers of two notes executed to such bank, an answer that one of such partnership makers was county treasurer, that he carried an official deposit in such bank, that he had a contract with such bank that any debts due from his mercantile partnership should be considered as a set-off against any official deposit he might have, and that he had an official deposit aggregating more than the amount of the notes, and praying that such deposit be set off against such notes, is bad, there being no allegation of the insolvency of the bank, the agreement as to setting off such official deposits being void as violating §2282 Burns 1908, Acts 1905 p. 584, §389, and there being no mutuality and no showing that irremediable injustice would result. p. 508.

From Newton Circuit Court; *James T. Saunderson*, Special Judge.

Action by Edmon G. Hall and others, as receivers of the Goodland Bank, against Arthur J. Spinney and another. From a judgment for plaintiffs, defendants appeal. *Affirmed.*

*Hume L. Sammons* and *E. B. Sellers*, for appellants.
*William Darroch* and *Edmon G. Hall*, for appellees.

MYERS, J.—On February 24, 1909, appellees Hall, Griggs and Wilds, as receivers of the Goodland Bank, commenced this action to enforce payment of two notes, payable to the order of Baldwin & Dague, and executed by Arthur J. Spinney and Charles Spinney, in the name of Spinney Brothers.

Appellants answered in three paragraphs. The first and third paragraphs were withdrawn, and the court sustained a demurrer to the second paragraph. Appellants refused to plead further, and judgment was rendered in favor of said receivers for the amount of the notes and attorneys' fees.

Appellants' assignments of errors question: (1) the complaint, on the ground that it does not state facts sufficient to constitute a cause of action; (2) the action of the court in sustaining a demurrer to the second paragraph of answer.

It is insisted that the complaint is insufficient for the following reasons: (1) For failing to allege that the court had jurisdiction to appoint said appellees as receivers; (2) that it does not show the court had jurisdiction of the subject-matter and of the persons of the parties to the action in which said receivers were appointed; (3) that it fails to allege the nature of said action; (4) that it does not state facts showing that the Newton Circuit Court had jurisdiction either to appoint receivers or to authorize such receivers to bring this action, or that Baldwin & Dague were insolvent, or had violated any law authorizing the appointment of a receiver, or that said appellants were receivers for Baldwin & Dague, payees of the notes.

Any question as to the jurisdiction of the court to proceed and render judgment on the issues in another case cannot be made the basis for an effective objection on demurrer to the complaint in this case. It appears from the complaint that the Newton Circuit Court appointed appellees Hall, Griggs and Wilds receivers of the Goodland Bank. It was a court of general jurisdiction, and, in the absence of a showing to the contrary, we must indulge the presumption that the proceedings were regular; that said court had jurisdiction of the subject-matter and of the parties in interest. *Roberts* v. *Leutzke* (1907), 39 Ind. App. 577; *American Mut. Life Ins. Co.* v. *Mason* (1902), 159 Ind. 15; *Runner* v. *Scott* (1898), 150 Ind. 441; *Boyer* v. *Robertson* (1897), 149 Ind. 74; *Davis* v. *Taylor* (1895), 140 Ind. 439; *Nichols* v. *State* (1891), 127 Ind. 406. This presumption in favor of the order of the court appointing said receivers, and the fact that it further appears that they duly qualified and as such receivers commenced this action, were a sufficient showing that all the proceedings in that case leading up to their appointment were regular. We agree with appellants that the complaint should show that said receivers had authority from the court to bring this action, but it is not necessary for them to

allege specific authority to bring this particular action, for if the order appointing them is broad enough to authorize them to prosecute actions of this character for the collection of the assets belonging to said bank, the complaint will be sufficient as against an objection on this ground. *Taylor v. Canaday* (1901), 155 Ind. 671.

It appears from the allegations of the complaint before us that this action was brought by the receivers in the court that appointed them; that the notes in suit were given to Baldwin & Dague, who were partners in the banking business in the town of Goodland under the name of Goodland Bank; that they were the sole owners of that bank, and the notes in suit were the property of it; that the notes were in the hands of said receivers as such; that they were duly authorized and empowered by the order of said court appointing them to sue in their own names upon any claims and demands due, or to become due and owing to said Goodland Bank; that said notes were a part of the assets of the bank, and were unpaid. Under these facts, and the general authority given to said receivers by the order of court, they were authorized to maintain this action.

The paragraph of answer in question is so long that we will give only a general outline of it. It shows that Charles Spinney was the duly elected, qualified and acting treasurer of Newton county from January 1, 1905, until January 1, 1909. From January 1, 1905, until about January 1, 1908, Daniel P. Baldwin and William H. Dague, as partners, were continuously engaged in the banking business in the town of Goodland, under the firm name of the Goodland Bank; that when said Charles Spinney entered upon the duties of his said office, his predecessor in office turned over to him, as a part of the funds of said county, a deposit in said bank, where it remained until in February, 1905, when said Spinney proposed to withdraw it, but in consideration of his leaving it in said bank, and his continuing to be a depositor thereof, said Baldwin & Dague agreed to secure

the repayment of said deposits by delivering to Spinney, as collateral security, the notes of divers persons, covering the amounts of such deposits, and which collaterals were to be surrendered by Spinney or increased by Baldwin & Dague as the deposits of such treasurer should vary in amount. Pursuant to this agreement, notes were placed with said Spinney to his satisfaction, and this arrangement continued until May or June, 1905. At that time Arthur J. Spinney and Charles Spinney were partners, engaged in carrying on a general store in the town of Goodland, and desired to borrow $1,200 from said bank. It was agreed between said bank and Charles Spinney that the bank would loan the firm of Spinney Brothers $1,200, without additional security, but the note evidencing such loan should be held by the bank, and the collateral held by said Charles Spinney as said treasurer was to be surrendered in an amount equal to said loan, and whenever a settlement was made of the account of said Charles Spinney, as treasurer, or said loan matured, the amount of said loan was to be deducted from said account and set off against a like amount of his said account. It was further agreed that should said Spinney Brothers borrow from said bank any additional sum of money, such transaction should be treated in the same way as the first loan. Pursuant to said agreement, the bank loaned $1,200 to Spinney Brothers, and at a later date, $1,700, and took the notes of Spinney Brothers. Charles Spinney, as said loans were made, surrendered to the bank collateral held by him to the amount of each loan. After said bank closed its doors, and said receivers were appointed, Charles Spinney demanded a settlement of his account, and that the notes in suit be surrendered to him and the amount thereof set off against a like amount due him from said bank. Said receivers, although claiming that said bank was solvent and would pay all its debts, refused to carry out the contract made by Baldwin & Dague, and refused the demand of said Charles Spinney for a settlement. The amount due said

Charles Spinney on account of his said deposits has not been paid, and he is not indebted to the bank or to said receivers in any amount, and by the terms of said agreement the notes in suit were paid before the commencement of this action. Said Charles Spinney has fully paid to the county all money due from him, including the amount on deposit in said bank, and now in the hands of said receivers. Said deposit belongs to him, and he asked that the amount of said notes and interest be set off against the sum due to him on account of said deposits.

Appellants insist that this answer is sufficient on the theory of an equitable set-off, it appearing that the total of the notes sued on did not exceed the balance of Charles Spinney's account with the bank.

The depository law of 1907 (Acts 1907 p. 391, §§7522-7546 Burns 1908), was in force December 1, 1907, but the actual workings of the law began in January, 1908, and

3. therefore the provisions of that act are not material in the determination of this controversy. Charles J. Spinney, as treasurer, was bound to account for the money coming into his hands, not as an ordinary bailee, trustee or agent, but as a public officer; and if he duly accounted to the proper authorities for the money on deposit in said bank, he thereby to that amount extinguished his relation with the State as debtor and creditor. So that at the time this suit was commenced, the money on deposit or in the hands of said receivers belonged to Charles Spinney individually. *Fry* v. *Coovert* (1911), 47 Ind. App. 598.

The answer is drawn on the theory of an equitable set-off, and we are asked to hold it good on that theory alone. "Mutuality is essential to the validity of a set-off."

4. *Rush* v. *Thompson* (1887), 112 Ind. 158, 162. See, also, *Sefton* v. *Hargett* (1888), 113 Ind. 592; *Proctor* v. *Cole* (1886), 104 Ind. 373; *Proctor* v. *Cole* (1889), 120 Ind. 102.

But to this general rule there are exceptional cases where

the want of mutuality will not defeat a set-off. To bring a case within the exception, it must clearly appear that it is necessary to allow the set-off in order "to do complete equity or to prevent irremediable injustice, as in cases of insolvency, or of joint credit given on account of an individual indebtedness, or where the joint debt is a mere security for the separate debt of the principal; or (2) when the action is upon a note or other contract against several defendants, any one of whom is principal and the others sureties therein." *Sefton* v. *Hargett, supra,* at page 594. See, also, *Cosgrove* v. *Cosby* (1882), 86 Ind. 511; *Rush* v. *Thompson, supra; Porter* v. *Roseman* (1905), 165 Ind. 255, 112 Am. St. 222. In case of nonresidence, see *Porter* v. *Roseman, supra.*

In the case before us the answer does not aver insolvency of the firm known as the Goodland Bank, or that there is any question of nonresidence, or that either appellant is principal and the other surety for the payment of said notes. The fact that the Goodland Bank is in the hands of receivers does not necessarily compel the inference of insolvency, as might possibly be the case were its assets in the hands of assignees. Hence the case made by the answer is one where one firm is seeking to compel another firm to pay it a sum of money admitted to be due and unpaid, and, naught appearing to the contrary, both firms are solvent. The set-off claimed is predicated on an agreement to which the defendant firm was not a party, but by the terms of which agreement it is averred that the firm represented by said receivers, under certain contingencies, was to deduct the amount of said notes from money deposited with it by Charles Spinney as treasurer of Newton county, and who, individually, was a member of the defendant firm. The agreement to subject the funds held by Charles Spinney, as treasurer, to the payment of said notes was unenforceable, for the reason that such payment would have been a violation of a positive statute. Acts 1905 p. 584, §389, §2282 Burns 1908. As there is no showing of mutuality, or that

irremediable injustice will result from a refusal to allow the set-off claimed by appellants, the answer was insufficient, and the demurrer thereto was properly sustained.

Judgment affirmed.