ANDERSON *v.* BIGGS ET AL.

[No. 17,680. Filed March 17, 1948. Rehearing denied April 19, 1948.]

*Anderson, Hicks, & Anderson,* and *Albert H. Gavit,* all of Gary, attorneys for appellant.

*Albert Meranda* and *Robert G. Bottorff,* both of Jeffersonville, attorneys for the appellees.

CRUMPACKER, J.—One Joseph Biggs died intestate in 1943 leaving nine heirs at law who thereupon became the owners, as tenants in common, of certain real estate of which he died seized. Said real estate was so-called "city property" located in Jeffersonville, Indiana, and was not susceptible to partition in kind. Suit was instituted in the Clarke Circuit Court between the tenants in common for the appointment of a commissioner to make sale of said real estate and to distribute the proceeds thereof among the parties according to their respective interests. The appellant herein, an attorney at law of Gary, Indiana, was employed to institute and prosecute said proceedings to final judgment, all of which he did. It was agreed by all parties that, *pen-*

*dente lite,* the appellant would collect the rents accruing from said real estate and upon the sale of the same he would account to the commissioner who would then distribute said income, together with the proceeds of the sale, among the parties as their interests were determined by the court. Under this agreement the appellant collected $2,195.75 which he had on hand when the commissioner sold the real estate and he thereupon petitioned the court to fix and allow fees for his' services in connection with such partition suit and to authorize him to deduct the same from the money then in his hands and to account to the commissioner for the balance. This petition was heard by the court on the 22nd day of April, 1947, and on that day said court entered its order allowing the appellant $687.50 for his services and directing him to pay the balance of the money in his hands amounting to the sum of $1,507.85 to the commissioner forthwith.

On May 17, 1947, the appellant filed a pleading in these proceedings which he denominated a "Petition to Modify Judgment," directed to the order of April 22, 1947, in which he alleges that the nine Biggs heirs, to whose use and benefit said order inures, had, by written agreement, employed him to render certain services in their behalf in connection with the administration of the estate of Joseph Biggs, deceased, which services were wholly separate and distinct from those rendered by him in the partition suit. That under such contract he rendered services and incurred expenses in the sum of $1,138.47, a claim for which he had filed against said estate. That such claim was dismissed by the court without hearing or adjudication for the reason that the estate had been fully administered, final report heard and approved, and the administrator discharged. Wherefore he says he "is entitled to a finding as to the correct

amount due and a judgment setting off to petitioner and the deduction from the aforesaid amount and also entitled to an order correcting and modifying the order entered against petitioner herein on the 22nd day of April, 1947." This allegation is faulty in construction and uncertain as to exact meaning but we quote it to throw what light it may on the nature of the pleading of which it is a part.

On May 26, 1947, the appellant filed what he called an "Additional Paragraph of Petition to Modify Judgment" and on June 6, 1947, he asked leave to file a pleading denominated an "Amended Petition for Allowance of Set-off." The record shows notice to all parties of the pendency of these petitions, the date upon which the same would be heard by the court, and a general appearance thereto by all parties. No issues, either of law or fact, were joined on any of these pleadings nor does it appear that a hearing of any kind was had upon them but nevertheless, on the 11th day of June, 1947, the court entered an order denying the first petition and the additional paragraph thereto and refusing leave to file the so-called "Amended Petition of Set-off."

Whether the court was right of wrong in disposing of these pleadings in the summary manner in which it did, is of no consequence if, in legal effect, they constitute an effort to modify the judgment of April 22, 1947. If such construction is placed upon them the assignment of errors and transcript in this appeal was not filed within 90 days from the date of the judgment sought to be modified and therefore comes too late to give us jurisdiction in the matter. In *Zimmerman* v. *Zumpfe* (1941), 218 Ind. 476, 33 N. E. 2d 102, the Supreme Court expressly stated that "motions to modify or in arrest of judgment do not serve to extend the time for appeal." This decision has been

informally criticized in that the rule was pronounced in a case involving neither a motion to modify a judgment nor in arrest thereof and wholly ignores *Pittsburgh, etc., R. Co.* v. *Kearns* (1921), 191 Ind. 1, 128 N. E. 42, wherein the same court held that "That the filing of a motion to modify a judgment suspends and postpones the finality of the judgment until the motion to modify is overruled."

However that may be we are convinced that the pleadings here involved are not motions to modify a judgment. When we disregard the nomenclature used in the caption and examine the allegations of fact in the body of the pleadings themselves, it becomes apparent that the appellant seeks to set off a claim in his favor, arising out of the administration of the Joseph Biggs estate, against the judgment adjudicating his liability in the partition suit between the Biggs heirs. In no sense does he attack such judgment. He accepts it as fully and accurately reflecting an accounting between him and the owners of the property involved in the partition suit as to all matters connected therewith. But notwithstanding all that, he alleges that he has a claim against such judgment creditors, based on a contract concerning an entirely different matter, for which he should be given credit. It is the facts alleged and not the nomenclature in the caption or the language of the prayer that determines the force and effect of a pleading. *Deveny* v. *Treesh* (1947), 117 Ind. App. 374, 72 N. E. 2d 578. Having concluded that the petitions under consideration constitute an effort to plead a set-off, the judgment attacked by this appeal is that of June 11, 1947, denying such relief, and the transcript and assignment of errors was filed within the time allowed by law.

The only remaining question in the case concerns the availability of set-off as a remedy under the circumstances. If such remedy was proper the appellant certainly had the right to plead it and have it decided on an issue of law or fact. *New York Life Ins. Co.* v. *Adams* (1931), 202 Ind. 493, 176 N. E. 146. If the remedy was not open to the appellant he is in no position to complain of the summary manner in which the court disposed of it. *Howlett* v. *Dilts* (1892), 4 Ind. App. 23, 30 N. E. 313.

Legal set-off is wholly statutory in Indiana. It was unknown to our common law which did not countenance the possibility of giving a defendant affirmative relief on a claim against the plaintiff in one action. One of the basic purposes of the code system of pleading was to obviate this situation and to enable the parties to determine their differences in one and the same suit. Therefore, set-off being of statutory origin, all questions concerning its availability must be determined by judicial construction of the statute which created it. Such construction should, of course, have in mind the purpose of the statute but must, nevertheless, be limited to boundaries defined by the language used. The statute creating the device reads as follows: "The defendant may set forth in his answer as many grounds of defense, counterclaim and set-off, whether legal or equitable, as he shall have." § 2-1015, Burns' 1946 Replacement. Thus it would seem that the remedy is clearly limited to a defendant against whom some sort of an action has been instituted. The statute quoted is the third clause of that section of the code of civil procedure pertaining to answers and their contents and necessarily refers back to a complaint against the individual holding the set-off.

In the case before us the appellant is not a party to

the original action. No complaint of any kind was ever filed against him. He came into the case as an ■ attorney and upon his own motion asked the court for an accounting between him and his clients. If this feature of the case can be considered as a separate action the appellant must be regarded as the plaintiff and having obtained the relief demanded he now seeks a set-off against the very judgment which he himself sought. Such procedure does not fall within the purview of a statutory set-off and we cannot put it there through the process of judicial legislation.

However courts of equity in Indiana have always allowed set-offs in cases where they could not be granted at law if such relief was necessary to ■ effect clear equity and prevent irremedial injustice. *Keightley* v. *Walls and Another* (1865), 24 Ind. 205; *Eigenman* v. *The Rockport Building and Loan Association* (1881), 79 Ind. 41; *Old First Natl. Bank & Trust Co.* v. *Snouffer* (1934), 99 Ind. App. 325, 192 N. E. 369. This is on the theory that equity has such jurisdiction independent of statute and will exercise it when there is some equitable ground for relief growing out of the transaction or relation of the parties. Our courts, however, have limited the equitable grounds that will warrant overriding the statutory law to cases where the parties, against whom the relief is sought, are either insolvent or non-residents of the state. *Spinney* v. *Hall* (1912), 49 Ind. App. 502, 97 N. E. 571; *Porter* v. *Roseman* (1905), 165 Ind. 255, 74 N. E. 1105; *Eigenmann* v. *Clark* (1898), 21 Ind. App. 129, 51 N. E. 725; *Rush* v. *Thompson* (1887), 112 Ind. 158, 13 N. E. 665; *Keightley* v. *Walls and Another, supra.*

The pleadings in the present case allege facts to the effect that the appellant was confronted with an order

of court directing him to pay to the commissioner in partition the sum of $1,507.85 for the use and benefit of the nine Biggs heirs who were the owners of the real estate involved. Under an employment contract with these identical Biggs heirs he had created a fund in connection with the administration of the Biggs estate which inured to their benefit. Believing that such fund was still in the hands of the administrator of the Biggs estate he sought to impress it with a lien for his services but found that the estate had been closed and the administrator discharged. He then returned to the partition suit and sought to set off what the Biggs heirs owe him against what he owes them. We can see nothing fundamentally wrong with this procedure if his several pleadings showed either of the grounds for equitable set-off above indicated. If such pleadings were insufficient in that respect the remedy was by demurrer and not by denying the relief sought without hearing.

The judgment of the court entered on June 11, 1947, is reversed and this cause is remanded to the Clark Circuit Court with instructions to permit the appellant to file the pleading tendered on June 6, 1947, and for such further proceedings as may be consistent with this opinion.

Draper, J., not participating.

NOTE.—Reported in 77 N. E. 2d 909.