## McGowan *versus* Budlong, to use, &c.

1. McGowan contracted to buy petroleum from Budlong and assigned the contract to a bank as security for an existing debt; afterwards, and before the petroleum was to be delivered, McGowan, without notice of the assignment, bought from Abbott a note owing him by Budlong, which was considered worthless, and for which McGowan was to pay nothing if he could not use it as a set-off against Budlong; he afterwards paid Abbott half the amount of the note and refused to deliver the petroleum to the bank. In a suit for the use of the bank against McGowan, *Held,* that under the plea of set-off the note was evidence for McGowan.

2. If McGowan procured the note as an experiment and to be returned in case of failing to get it in as a set-off, it would not be evidence.

3. That the note was worthless did not prevent its use as a set-off.

4. The question of the consideration for the transfer of the note could not be raised in this suit, Budlong being liable on it at all events.

5. Rider *v.* Johnson, 8 Harris 190; Loudon *v.* Tiffany, 5 W. & S. 367, recognised.

November 23d 1875. Before AGNEW, C. J., SHARSWOOD, MERCUR, GORDON, PAXSON and WOODWARD, JJ.

Error to the Court of Common Pleas of *Crawford county :* Of October and November Term 1875, No. 35.

This was an action of assumpsit, brought January 8th 1874, by Jenks Budlong, to the use of The First National Bank of Meadville, against Thompson McGowan.

The plaintiff declared that, on the 28th day of July 1873, he contracted in writing to sell to the defendant 1000 barrels of crude petroleum, to be delivered " in an accredited pipe company's receipt at any time at the said Thompson's option, on ten

[McGowan *v.* Budlong.]

days' notice, between," &c., to the plaintiff, &c., and in consideration the defendant promised to pay $2.30 per barrel; that the plaintiff tendered to defendant an accredited pipe company's receipt for 1000 barrels of petroleum, and demanded from defendant $2.30 per barrel, but the defendant refused to pay the same, &c.

The defendant pleaded non-assumpsit and payment with leave, &c.; and set-off.

The case was tried November 30th 1874, before Lowrie, P. J.

The plaintiff gave in evidence the contract as set out in the declaration. Across the face of the contract was written, "Accepted, Thompson McGowan."

For the plaintiff, C. A. Derrickson, president of the bank, testified, that the bank became owner of the contract October 23d 1873. " Took it as security for a debt. On December 31st, called on McGowan; stated that he had contract from Budlong as security for indebtedness; showed him contract; looked at it; said he would take oil, but could not pay for it, as Mr. Abbott had attached difference in his hands. I had secured 1000 barrels oil in form of pipe line receipt. I tendered it to McGowan; he refused it. Got pipe line receipt from Mitchell for purpose of tender."

J. F. Lake testified: " Present at tender December 31st. McGowan refused to recognise Derrickson in transaction, or to look at papers, or have any conversation about it with him. Price of oil $1.17."

Defendant testified (a note of $3000 being shown him): " Owner of note; took it December 22d 1873. Endorsed by Abbott, signed by Budlong. At the time I took note, had no notice of any assignment of contract by Budlong. Never had any notice till on 31st; asked Budlong; he said he still held the contract; I got the note on making some settlement, and got it then. We had a running account and made a settlement. I gave him my note for it. He did not owe me. I have since paid Abbott on it $1500. He regarded it as worthless and agreed not to claim mine if I did not get this set-off. The $1500 was paid this year (1874) on a settlement in another matter."

The defendant then offered in evidence Budlong's note to Abbott, viz.:—

" $3000.                                   March 20th 1873.

Four months after date I promise to pay to the order of Wm. H. Abbott, three thousand dollars, at ——, value received.

JENKS BUDLONG."

Endorsed, " WM. H. ABBOTT."

The plaintiff objected to the offer, it was rejected by the court and a bill of exceptions sealed for the defendant.

The verdict was for plaintiff for $1192.15.

[McGowan *v.* Budlong.]

The defendant took a writ of error and assigned for error, the rejection of his offer of evidence.

*R. Sherman*, for plaintiff in error.—McGowan had a right to purchase Abbott's note to use as a set-off against Budlong, and whether he was in fact the owner of the note was for the jury: Rider *v.* Johnson, 8 Harris 190 ; Bevan *v.* Insurance Co., 9 W. & S. 187. McGowan could recover on the note whether he had paid anything for it or not : Byles on Bills 120, 121. The bank not having given McGowan notice of the assignment, held it subject to the defence of the note : Northampton Bank *v.* Balliet, 8 W. & S. 311 ; and having paid nothing for it, the bank had no equity against McGowan : Kountz *v.* Kirkpatrick, 22 P. F. Smith 376. The burden was on the bank to show that it had given notice : Loudon *v.* Tiffany, 5 W. & S. 367.

*J. B. Brawley*, for defendant in error.—Set-off can be allowed only to the bonâ fide owner of the claim : Waterman on Set-off, sect. 33 ; Adams *v.* McGrew, 2 Ala. (N. S.) 675 ; McDade *v.* Mead, 18 Id. 214 ; Strouse *v.* Eagle Ins. Co., 5 Ohio (N. S.) 59 ; Rider *v.* Johnson, 8 Harris 192.

Mr. Justice PAXSON delivered the opinion of the court, January 6th 1876.

There is but one specification of error in this case, and that refers to the rejection by the court below of the defendant's offer of the promissory note of Jenks Budlong for $3000, to the order of William H. Abbott, and by him endorsed. The defendant had pleaded set-off, and the offer was in support of said plea. This record does not show that the equitable plaintiff below paid value for the assignment of Budlong's contract, nor that the defendant had notice of the transfer. Hence there was nothing to prevent the latter from making use of the note in question as a set-off if he had legally acquired title thereto : Rider *v.* Johnson, 8 Harris 190 ; Loudon *v.* Tiffany, 5 W. & S. 367. Upon the question of title the defendant says in his testimony : " I bought the note from Abbott, December 22d 1873. I got it in making some settlement, and got it then. We had a running account and made a settlement ; I gave him my note for it ; he did not owe me ; I have since paid Abbott on it $1500 ; he regarded it as worthless, and agreed not to claim mine if I did not get this set-off. The $1500 was paid this year (1874) on a settlement in another matter." Upon this evidence the court below excluded the note, which was error. It is true, if the defendant had obtained the note as a mere experiment, with an agreement to return it in case he failed to get it in as a set-off, its rejection would have been proper. But the evidence does not go to this extent. It discloses no agreement

to return the note. That Abbott regarded Budlong's note as worthless, and agreed not to claim on McGowan's note, given therefor in case the set-off was not allowed, is not material: Abbott had a right to give the note to McGowan, and the latter's right to use it as a set-off against the maker does not depend upon the fact of its worthlessness. The question of the consideration of the transfer could not have been raised by Budlong had McGowan sued him upon the note. Nor can such question be raised when the note is offered as a set-off. Budlong was liable upon it in either event. It was for the jury to say whether there was an actual transfer of the note to the defendants, or whether it was a mere experiment; and it was error to withdraw this question of fact from them.

Judgment reversed, and a *venire facias de novo* awarded.