88—EQUITY—OCTOBER 21, 1882.

# Tinly v. Martin, &c.

### APPEAL FROM KENTON CHANCERY COURT.

A note is assigned to be used by the assignee as a set-off, the assignor agrees that the assignee is to account for only so much as he gets the benefit of in the suit.

1. *Held*—A court of equity, where the rights of others than the obligor in the note intervene, will not sanction such a speculation by aiding the party making the venture to defeat a clear and acknowledged equity.

2. Such contracts should not be favored either by the chancellor or common law judge.

3. Where the debtor is alone involved, the rule is different.

4. A judgment that a party is not to pay a sum adjudged against him "until further ordered" is not final.

JOHN F. & C. H. FISK FOR APPELLANT.

1. It is clear that appellant Tinly had the right to contract for and receive the note against Martin from Hidecker & Co., and use it as a set-off. (Gen. Stat., chap. 22, sec. 26; Myers' Civil Code, secs. 128, 417; Bullitt's Code, secs. 96, 387.)

2. Even if the note had been loaned to him, he could plead it. (Otwell v. Cook, 9 B. Mon., 358; Graham v. Tilford, 1 Met., 114.)

3. Busse acquired no title or right of action under the pretended assignment from Martin to him. (2 B. Mon., 81; Hubbard v. Prather; Triplett v. Helm, 5 J. J. Mar., 632; 2 Litt., 167; 7 B. Mon., 547; 5 J. J. Mar., 42; 34 Barb., 629; Freeman on Judgments, sec. 424; 20 Pick., 18; 13 Mo., 305; 5 Wheat., U. S., 277; 6 Cush., 286; 5 Mo., 483; 2 Bibb, 57; 18 B. Mon., 756; 12 Bush, 140.)

4. Busse should have given appellant notice. (Day v. Billingsly, 3 Bush, 159.)

CLEARY, HAMILTON & CLEARY FOR HIDECKER & Co. AND APPELLEE BUSSE.

1. Appellant Tinly has paid nothing for the Hidecker note, and he ought not to be favored in his effort to pay his debt at fifty cents upon the dollar.

2. His attempt to purchase the claim against Martin, with the obvious purpose of making it a set-off against the assignee of Martin, and avoiding the payment of a just debt, should not be allowed, especially as Busse acted in good faith, and intervenes as a purchaser for a valuable consideration, and gave notice of his purchase.

3. The judgment is only final as to Busse.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

Martin and Busse were sub-contractors under Smith, the latter having undertaken to build for Tinly a house. The two sub-contractors (Martin and Busse) having performed labor and furnished materials for the building, gave notice of their purpose to assert a lien *under* the mechanics' lien law. An interview was had by all the parties and their attorneys for the purpose of adjusting the trouble in regard to the lien, and it was then agreed that *Smith*, the contractor, should take a note held by Tinly on one McLaughlin for eight hundred and twenty-five dollars, to be assigned by Tinly to Smith, and by the latter to Martin, as the appellant contends, and as the appellees insist, was held by Martin for both himself and Busse, and that this fact was known by Tinly.

Tinly did assign the note to Smith on the 27th of June, 1874, agreeing in the assignment to be bound to Smith or his assigns in the event, after the exercise of the proper diligence by suit, the money was not made on the McLaughlin note. Smith at the same time, or on the same day, assigned the McLaughlin note to Martin by the ordinary indorsement upon it. Some time after the assignment made by Smith to Martin of the McLaughlin note Martin assigned a part of the note to Busse. McLaughlin went into bankruptcy, and the assignee Martin failing to make the money on the note, Tinly became liable by reason of the assignment.

After the insolvency of McLaughlin, the appellant Tinly ascertained that Hidecker & Co. held a note on Martin for $870, with interest, and Martin being insolvent, Tinly proposed to Hidecker & Co. to assign him the note they held on Martin that he might use it as a set-off against Martin's

claim upon him by reason of the assignment of the Mc-Laughlin note. After consulting with his attorneys, and being advised that he could use the note of Martin to Hidecker & Co. as a set-off, he, Tinly, agreed with Hidecker & Co. that, as far as he could make the note suit his purposes in that way, he would give him fifty cents to the dollar; and upon this agreement the note was assigned him on Martin. After the note was assigned, Tinly instituted his ordinary action upon it against Martin, to which Martin filed his answer, alleging that Tinly was not the real owner, and also pleading as a set-off the liability of Tinly to him by reason of the note assigned on McLaughlin.

Busse came into the case by petition and answer, insisting that a portion of the McLaughlin note had been assigned to him by Martin, and that Tinly had full knowledge of the fact that it was intended for his benefit as well as Martin's, at the time Smith made the assignment to Martin.

Tinly alleges that he had no such knowledge, and was without any notice of Busse's claim to any part of the note until after he had made the contract with Hidecker & Co., and obtained the assignment of the note they held on Martin. Hidecker & Co. came into the case, alleging that they only loaned the Martin note to Tinly, to be returned on demand; that they demanded the note, and the appellant Tinly refused to surrender it.

The testimony of the parties and their attorneys was heard, and shows, on behalf of *Busse*, that when the assignment was made by Smith to Martin it was agreed and understood that a part of the McLaughlin note, to the extent of Busse's claim for work, was to be assigned to him, or was for his benefit; that Tinly was present and heard it. This

was denied by Tinly, and both Tinly and his attorney say that they heard no such conversation or agreement. The attorney preparing the assignment may not, and doubtless did not, hear the conversation, but it is evident that Martin and Busse were both asserting their liens at the same time for work done on Tinly's building as sub-contractors under Smith, and that, in order to adjust the matter, Martin and Busse both employed an attorney, and went with that attorney to the office of the attorney of Tinly for that purpose. The trouble was settled by accepting the McLaughlin note, and it is reasonable to suppose that Busse was to have some interest in the note, and some voice in the adjustment.

Martin was insolvent, and Busse was not willing to risk the original contractor, Smith, and still, on the theory of counsel, Busse had gone to the interview, and consented to the settlement without any security whatever for his claim. It is certain that Martin agreed at the time to assign Busse a part of this note, and to the extent of his, Busse's, claim. Hamilton, Busse, and Martin all so state, and the question is, *did* Tinly know of this agreement. He relies on the assignment to Smith, and by Smith to Martin, as conclusive of the question. The assignment to Martin does not preclude Busse from showing that he was beneficially interested in the McLaughlin note, and that Tinly knew it. Martin says he was interested, and in a short time thereafter did assign to Busse what he had agreed to assign at the interview and settlement had by all the parties.

. . It would be unreasonable to conclude that Busse, who was asserting his lien, abandoned it at this settlement; but the fact that he was to have an interest in the note is consistent with every other fact and circumstance in the case. The negative statement made by the attorney for Tinly does not dis-

prove the statements of Martin, Hamilton, and Busse, who swear that Busse was beneficially interested, and that Tinly then knew it.

Besides, what does Tinly lose by paying to Busse the value of the labor upon, or the materials furnished in, the construction of his house?

He has not purchased the note of Hidecker & Co., or parted with any consideration whatever for its use. The only equity he has consists in being permitted by the holder of the note on Martin to use so much of that note as a set-off to Martin's claim as will be allowed on the hearing, and to account for it at the rate of fifty cents on the dollar, and then returning to Hidecker & Co. the note.

While this court has, in the two cases of Otwell v. Cook, 9 B. Monroe, and Graham v. Barclay, 1 Met., adjudged, in effect, that the note of a third party, when assigned upon such a condition, may be used as a *set-off*, a court of equity, where the rights of others than the party who owes the note intervenes, would be reluctant to sanction such a speculation by aiding the party making the venture to defeat an acknowl-edged equity. Such contracts ought not to be favored by either the chancellor or common law judge; but where the debtor is alone involved, it may be that he will not be heard to complain for being compelled to discharge a debt he justly owes. So far, then, as the judgment in favor of Busse is concerned, it must be affirmed.

We do not understand the judgment in favor of Martin to be final; it is adjudged that Martin recover of the plaintiff Tinly the sum of $477.80, with interest from June 27th, and costs; but it is further provided that Tinly is not to pay this judgment until further ordered. The judgment, however, is for too much if regarded as final, as Martin admits in his

answer the payment of *sixty dollars*, and this should be credited; but it is not final, as the case is reserved to settle the claim as between Hidecker & Co. and Tinly, and no execution can issue in favor of Martin.

As between Hidecker & Co., Tinly, and Martin, the case is still under the control of the court below, and the suggestion as to the credit of sixty dollars is not mandatory.

The appeal against Martin and Hidecker & Co. is dismissed, and the judgment in favor of Busse is affirmed.