CRANE BROS. & CO. *v*. JAMES S. RICHARDSON.

JUDGMENTS.    *Motion to set aside.    When final.    Subsequent judgment. Priority of liens.*

Where a motion to set aside a judgment for a certain sum is continued from the term at which the judgment is rendered, and, at a subsequent term, is overruled, but the judgment is allowed to stand for a less sum, there is, during the interval, no final judgment from which an appeal lies, or that can properly be enrolled, and, although in fact enrolled on the day after its rendition, the lien thereof is subordinate to that of a subsequent judgment recovered and enrolled during such interval.

FROM the circuit court of Yazoo county.

HON. J. B. CHRISMAN, Judge.

The opinion states the facts pertinent to the controlling question decided.    In addition thereto, the record shows the further facts, discussed in the briefs of counsel, that, on October 19, 1891, the appellee, Richardson, entered into an agreement with Ricks, the judgment debtor, to the effect that his $2,000 judgment should be reduced at the February term of court to $1,000, and that execution should be stayed until the second Monday of February (1892), provided Ricks should make no attempt to defeat the same by conveying away his goods, and the issuance of execution should not become necessary to pro-

tect the judgment from other creditors; that executions were issued on the judgments of the appellants, Crane Bros. & Co., on December 24, 1891, and put in the hands of the sheriff before any execution had been issued in favor of appellee, Richardson, but that an execution in his favor was issued on the same day and put in the hands of the sheriff a few minutes after those in favor of appellants; that the executions in favor of appellants were promptly levied upon certain goods of the debtor, and the appellee's execution was never levied upon the same; that the fund in controversy is the money obtained by sale under appellants' executions, and that the balance due on appellee's judgment for $2,000, after subjecting the goods on which the same was levied, is more than the amount realized under the executions of the appellants, whose judgments still remain unsatisfied. The court below awarded the fund to the appellee, Richardson.

*Jas. S. Perrin,* for the appellants.

The fund in controversy was claimed by the appellee under § 1762, code 1892, and the court below sustained the claim by its decision. The appellants, on the other hand, claim that appellee lost his priority by the agreement to stay execution. It is not the policy of the law that judgments should be used as mere securities for the ultimate performance of agreements or the future payment of money; and, when so used, it is at the peril of the plaintiffs therein, especially if the rights of other judgment creditors are affected thereby. Such action is a fraud upon other judgment creditors that the law does not countenance, and the judgment creditor who perpetrates it subordinates his lien to that of the junior creditor, who, during the time, causes execution to be levied. *Michie* v. *Bank,* 4 How., 141; *Porter* v. *Cocke,* Peck (Tenn.), 30; *Virden* v. *Robinson,* 59 Miss., 28; *Kellogg* v. *Griffin,* 17 Johns., 274; *Palmer* v. *Clark,* 21 Am. Dec., 340; *Russell* v. *Gibbs,* 5 Cowen, 390; *Mentz* v. *Hamman,* 34 Am. Dec., 546.

*Campbell & George,* for the appellee.

The cases cited by appellants rested on a different state of facts, and are not applicable to the one at bar. There is no merit in the contention that, because appellants' executions were first placed in the hands of the sheriff, and, presumably, first levied, they are entitled to priority. The fault in this argument is the assumption that the right to execution, by virtue of the agreement, was dormant. The right was not dormant, but was preserved by the agreement itself.

Again, counsel apparently loses sight of the provisions of our statute which render judgments a lien from date of enrollment, and the requirement that the sheriff shall apply the proceeds of sales under executions issued on junior judgments to the oldest enrolled judgment remaining unsatisfied, and that, before the older judgment creditor loses this right to have proceeds so applied, notice must be given for ten days by the junior judgment creditor.

WOODS, J., delivered the opinion of the court.

From the agreed statement of facts in the record, it appears that judgment by default was rendered in the circuit court of Yazoo county, on September 16, 1891, for the sum of $2,000, in favor of James S. Richardson, the appellee herein, and against one S. T. Ricks, and that this judgment was enrolled on September 17, the day next after its rendition. It further appears that a motion was made at the same term of said court to vacate and set aside this judgment, but the same was continued to the next ensuing February term of that court. At the February term the motion to set aside the judgment was overruled, but the judgment, to quote the exact language of the agreed statement of facts, "was allowed to stand for $1,000."

The question that lies before all others is, was the judgment rendered September 16, 1891, for $2,000, a final judgment, which might be properly enrolled, and which gave priority of

satisfaction to Richardson, the plaintiff in that suit, over Crane Bros. & Co., who obtained judgments against Ricks, before a justice of the peace of the county, on November 17, 1891, and had the same duly enrolled on the day following, to wit, November 18, 1891? The correct answer to this question should be made without serious difficulty. The motion to set aside the judgment for $2,000, rendered at the September term, was continued for hearing and determination, by the court which rendered it, to the next term of that court, whereby that court retained plenary control over the judgment. The cause itself was kept in court, and upon the docket, and the power to vacate and set aside, in whole or in part, the judgment which was sought to be vacated clearly remained in the court. The motion thus continued prevented the judgment becoming a finality in the litigation, and left the whole matter largely to the future action of the court. As matter of agreed fact, the court did hear the motion, and did take action thereon overruling the motion to wholly set aside the judgment, but materially modifying it by reducing it to $1,000. Upon this action of the court a final determination was had of the matter in controversy, and, for the first time, there was a judgment from which an appeal would lie. Until the motion to vacate the judgment had been heard and determined and overruled, followed by that which in effect was a judgment for $1,000 only, incontrovertibly no appeal could have been taken. From every final judgment, however, an appeal lies, and, applying this test, the judgment for $2,000 was not final. It was not final, moreover, as we have already intimated, because the court rendering it, by continuing the motion to vacate it to the next term, retained control of the cause with a view to further action in it on the merits, and actually took such action as reduced the judgment by one-half, notwithstanding the motion was denied. No judgment can, in any proper sense, be denominated final where the court retains full control of the litigation, and where

other action by the court remains to be taken to put an end to the controversy.

The judgment of September 16, for $2,000, was not final, and was not enrollable.   The judgment of the court in February, 1892, for $1,000, was the final judgment in the cause, and was enrollable.

It follows that the judgment liens of Crane Bros. & Co., secured on November 18, 1891, are superior to that of the appellee.   See 12 Am. & Eng. Enc. L., 63, par. 3; Freeman on Judgments, §§ 16–34; *Kinney* v. *Railroad Co.*, 73 Ala., 536; *Tinly* v. *Martin*, 80 Ky., 463; *Windett* v. *Hamilton*, 52 Ill., 180; *N. Y. Railroad Co.* v. *Doane*, 105 Ind., 92.

<div align="right">

*Reversed and remanded.*