## D. C. Oyster *v.* Alfred Short and C. R. Earley.   Appeal of Perry R. Smith.

[Marked to be reported.]

*Set-off—Promissory notes—Certificate of stock—Conditional assignment.*
A person holding a chose in action assigned to him conditionally cannot set it off against a debt due by himself.

Where a defendant in a suit obtains possession of a demand from a third person upon the understanding that it shall not be his property, or that he shall be liable to the owner only in the event of his being able to set it off in his suit, it cannot be so employed by the defendant.

S. was indebted to an insolvent bank on promissory notes. H. was the owner of two certificates of deposit issued by the bank. After the insolvency of the bank S. obtained from H. the certificates of deposit under an agreement by which he was to use them, if he could, in paying his notes either in full or in part. S. was to pay H. only the amount of the credit he obtained on his notes by reason of his use of the certificates. There was no sale or assignment of the certificate to S. *Held*, that S. had no right to use the certificates as a set-off against his notes.

.  Argued May 4, 1896.   Appeal, No. 55, July T., 1895, by Perry R. Smith, from decree of C. P. Elk Co., Sept. T., 1893,

No. 3, distributing funds of an insolvent bank.  Before STER
RETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ.
Affirmed.

Exceptions to report of E. P. GEARY, Esq., master, distribut-
ing funds of an insolvent bank.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in overruling exceptions to master's report.

*W. S. Hamblen,* with him *Geo. A. Jenks,* for appellant.—The
appellant was entitled to set off the certificates against his notes:
Farmers D. N. Bank v. Penn Bank, 123 Pa. 283; Brown v.
Clark, 14 Pa. 469; Ward v. Tyler, 52 Pa. 393; McGowan v.
Budlong, 79 Pa. 470; 20 Am. & Eng. Ency. of Law, 130;
Daniels' Negotiable Instruments, sec. 781; Beach on Receivers,
sec. 192; 20 Am. & Eng. Ency. of Law, 132, 135; Artisans'
Bank v. Treadwell, 34 Barb. 553; Beach on Receivers, 1744;
Colt v. Brown, 12 Gray (Mass.), 233; Hade v. McVay, 31
Ohio, 231; Cox v. Volkert, 86 Mo. 505; Clarke v. Hawkins, 5
R. I. 219; Davis v. Stover, 58 N. Y. 473; Cook v. Cole, 55
Iowa, 70; VanWagoner v. Paterson Gas Light Co., 23 N. J.
Eq. 283; State Bank v. Bank of New Brunswick, 3 N. J. Eq.
266; Berry v. Bret, 6 Bosw. (N. Y.) 627; Jordan v. Sharlock,
84 Pa. 366; Ellmaker v. Franklin F. Ins. Co., 6 W. & S. 439;
Speers v. Sterrett, 29 Pa. 192; Halfpenny v. Bell, 82 Pa. 128;
Act of 1705, Sm. Laws, 49; Scammon v. Kimball, 92 U. S. 362;
Schuler v. Israel, 120 U. S. 506; Carr v. Hamilton, 129 U. S.
252; Scott v. Armstrong, 146 U. S. 499; North Chicago Rolling
Mill Co. v. St. Louis Ore & Steel Co., 152 U. S. 596; Lindley
on Partnership, 655; Rose v. Hart, 2 Smith's Leading Cases,
308; Mann v. Dungan, 11 S. & R. 75; Stewart v. Nat. Security
Bank, 6 W. N. C. 399; Chipman & Holt v. Ninth N. Bank,
120 Pa. 86; Long v. Penn. Ins. Co., 6 Pa. 421; Beaver v.
Beaver, 23 Pa. 167.

*Geo. R. Dixon,* with him *S. W. Smith* and *L. Rosenzweig,* with
them *Geo. A. Rathbun* and *C. B. Earley,* for appellee.—The ap-
pellant had no right of set-off: Chipman & Holt v. Ninth Nat.
Bank, 120 Pa. 86; 22 Am. & Eng. Ency. of Law, 283, 301;

OYSTER *v.* SHORT et al. SMITH'S APPEAL. 591

1896.]                    Arguments—Opinion of the Court.

Burrill on Assignments, sec. 403; Beaver v. Beaver, 23 Pa. 167; Bosler v. Exchange Bank, 4 Pa. 32; Farmers' & Mechanics' Bank's App., 48 Pa. 57; Roig v. Tim, 103 Pa. 115; Fera v. Wickham, 31 N. E. 1028; Richards v. LaTourette, 23 N. E. 531 · Long v. Penn. Ins. Co., 6 Pa. 421; Smith v. Hill, 8 Gray (Mass.) 572; Kensington Bank v. Shoemaker, 11 W. N. C. 215; Thomas v. Winpenny, 13 W. N. C. 93; Tinley v. Martin, 80 Ky. 463; McGowan v. Budlong, 79 Pa. 472; Kessler v. L. L. Angle, 2 W. N. C. 23; Sprigg v. Granneman, 36 Ill. App. 102.

OPINION BY MR. JUSTICE GREEN, October 5, 1896:

The Ridgway Bank closed its doors on June 22, 1893, and by notice posted on its windows, gave public information of its suspension. Four days later, on June 26, 1893, the court of common pleas of Elk county appointed receivers to take possession of and administer the assets of the bank. In the meantime the appellant who was indebted to the bank upon several notes amounting to $2,400, which had been discounted by the bank, obtained from one W. S. Hamblen two certificates of deposit, one for $1,500, and one for $1,000, issued by the bank to him for money deposited with the bank. These certificates were obtained by a written agreement made between Smith and Hamblen on June 24, 1893, which recites the ownership by Hamblen of the certificates and also as follows, " And whereas the said Perry R. Smith has certain notes payable at the Ridgway Bank to the order of W. W. Mattison, and whereas it is contemplated that an assignment will be made by said Ridgway Bank," and then provides, " Now therefore it is agreed by the parties hereto that if the said Perry R. Smith may be able to apply the said certificates of deposit in payment of said notes, that at the time of said payment the said Perry R. Smith will pay to the said W. S. Hamblen the value of said certificates, but if said certificates cannot be applied in payment of said notes, but that a pro rata of the assets of the said bank are applied in payment of said certificates that then the said Perry R. Smith will pay to the said W. S. Hamblen the amount of said payment made on said certificates."

The purpose of this agreement is so absolutely transparent that there is no possibility of misunderstanding it. It does not purport to be a sale of the certificates at any price. Smith is

592    OYSTER *v.* SHORT et al.  SMITH'S APPEAL.

Opinion of the Court.                    [177 Pa.

merely to use the certificates in payment of the notes he owes to the bank, and if he can do so, he is to pay the value of them thus received to Hamblen. If he cannot use them to pay the notes in full, but only to the extent of a pro rata share of the assets of the bank, then he is to pay to Hamblen the amount of the payment he thus receives. If he cannot do either of these things there is nothing for him to pay by way of an equivalent for the certificates. He is not required to pay any money for them, and under the terms of the agreement he is only required to pay to Hamblen the amount of the credit he obtains on his notes, by reason of his use of the certificates. The paper does not contain any assignment of the certificates but recites at the commencement that one has been made. It follows, therefore, that the only use that was to be made of the certificates was that Smith was to pay off his notes with them if he could, and if not he was to pay nothing to Hamblen. That such a transaction cannot confer any right of set-off upon the debtor to the bank has been so often and so positively decided that there can be no question about it.

In 22 Am. & Eng. Ency. of Law, 283, the rule is thus stated : " The claim sought to be set off must be owned absolutely by the defendant; a person holding a chose in action assigned to him conditionally has no right to set it off. A claim which the defendant has borrowed for the occasion cannot be set off. So where the defendant has obtained possession of the demand from a third person upon the understanding that it shall be his property, or that he shall be liable to the owner, only in the event of his being able to set it off, it cannot be so employed by the defendant." Many cases are cited in the notes.

In McGowan v. Budlong, 79 Pa. 470, PAXSON, J., said in the opinion, " It is true if the defendant had obtained the note as a mere experiment, with an agreement to return it in case he failed to get it in as a set-off, its rejection would have been proper."

In Shryock v. Basehore, 82 Pa. 159, the action was brought by the assignees of an insolvent bank against the defendant who was a maker of a note for $2,500 held by the bank. Before suit brought the defendant obtained a dishonored draft drawn by the insolvent bank for $2,620.94, in favor of the cashier of another bank, for which he, the defendant, gave his

own note, upon which a memorandum was written that it was given for the dishonored draft and was only good for so much as the defendant should realize either by collection, payment, or credit obtained upon the obligation. Any excess received was to be paid to the bank holding the dishonored draft: We held that this draft could not be used for the purpose of set-off, and said, " The draft in favor of Gressman, cashier, was clearly not the subject of set-off in this suit. The defendant has no title to it. The indorsement on the back of the note of Abram and Emanuel Basehore shows that there was not an absolute transfer of the draft. The excess of the draft over the note if recovered was to be returned to the First National Bank of Shippensburg." We also held that the cashier had no authority to transfer the draft, but that was only an additional reason.

In Tinly v. Martin, 80 Ky. 463, it was held that a note having been assigned to enable the assignee to use it as a set-off, with the agreement that he should account for only so much as he should get the benefit of, in the suit, he could not avail himself of it as a set-off in equity in case the rights of other than the maker were involved.

In Chipman v. Ninth National Bank, 120 Pa. 86, it was held that in an action by an assignee for the benefit of creditors to recover from a bank a balance to the credit, and subject to the check, of the assignor at the date of the assignment, the bank can not set off notes or drafts indorsed by, and discounted for, the assignor before, but maturing after the assignment. The present Chief Justice, delivering the opinion and speaking of the status of assignors, said, " Their creditors can neither attach nor levy on any of the assigned assets ; nor can their debtors buy up claims against them and set off the same against their indebtedness to the assigned estate."

Many more cases to the same effect might be cited but it is unnecessary. The principle is so manifestly right and just that it does not need the citation of authorities in its support. That it is fully applicable to the facts of this case has been already shown. In addition to this the appellant's personal testimony proves conclusively the purpose of the transaction. He was asked, " Q. For what purpose did you take the assignment of these securities? A. I had notes in the bank here and I wanted to get something to pay them with. Q. You were not to pay

him for the certificates unless you could make use of them in payment of your notes held by the bank, were you? A. No, sir. I was to pay what I did receive on the certificates. . . . Q. When you took the assignment of these certificates you knew that the bank had failed and closed its doors, did you not? A. I knew it had closed its doors but that there was a notice posted in the window that they would pay in full, or something to that effect? Q. You knew they had ceased to transact business? A. Yes, sir. Q. Did you think at the time that they would pay in full? A. I did not think they would pay in full."

Further discussion is not necessary. The whole transaction was nothing but an attempt to make a set-off against the undoubted debt due by the appellant to the bank by means which the law does not permit. The assignments of error are all dismissed.

Decree affirmed and appeal dismissed at the cost of the appellant.